Per Curiam.

The report of the referees in this case must be set aside, and the accounts referred back to them for re-consideration. The bill of the particulars of the defendant’s set-off, was not proper testimony to prove any fact; and is not to be viewed in the light of an admission. Its sole object js to point out and specify the party’s claims, and to restrict him at the trial to the range oí proof which he has himself chosen, so that the opposite party may be apprized of the charges which may be proved. A party giving a bill of particulars under a Judge’s order, is never held thereby to furnish evidence against himself; and it is in practice considered as a part of the pleadings.
The second ground assumed by the counsel of the defendant against the report is also well taken. It appears from a certificate furnished by the referees that a circumstance connected with the accounts was overlooked by them on their examination. What that circumstance was, we are not informed; but the court have a right to deem it an important one, since the referees themselves request that the accounts may be sent back to them for re-consideration. The affidavits of jurors cannot be received to show a mistake upon the grounds of public policy; because they may be tampered with. But the rule does not extend to referees. True it is, this certificate is not under oath; but that will not vary the case. If the court be satisfied that a mistake has been made by the referees, and that substantial justice requires it to be rectified, they have the power to set aside an award and direct a re-examination of the accounts. In this case, the referees themselves have declared that the matters laid before them ought to be re-considered ; and we therefore direct the report to be set aside, and that the accounts be again submitted to the same referees for reexamination.
[T. C. Pinckney, Att'y for the plff. T. Stevens, Att'y for the def’t.]