## Charles M. Newell and Others v. Austin Blair and Another.

The statute having allowed an appeal to the circuit court in garnishee cases, that court has jurisdiction to hear and determine the appeal.

The examination of the garnishee before the justice, taken in writing, and subscribed by him, is legitimate evidence against him on appeal.

The plaintiff is not at liberty to controvert the statement of the garnishee, either in the justice's court or on appeal, but he may examine the garnishee anew in the circuit court, for the purpose of a more full discovery.

The garnishee may be permitted to correct, under oath, in the circuit court, a mistake made by him on his examination before the justice.

Where the garnishee, on his examination before the justice, admitted that he had in his hands moneys collected for defendant, but stated that he had been informed that these moneys had been assigned before service of the garnishee process:— *Held*, That on the cause being removed to the circuit court by appeal, the garnishee was entitled to introduce evidence to prove such assignment.

*Heard July 11th. Decided July 15th.*

Case reserved from Jackson Circuit.

Blair and Gibson were summoned by plaintiffs as garnishees of one Smith. Blair appeared before the justice, and made his statement under oath, which was reduced to writing, and subscribed by him, whereby he admitted that there was in the hands of the garnishees $123.35, collected by them on notes left by Smith for collection; but stated that after the service of the garnishee summons, Smith showed him what purported to be copies of a bill of sale of all his notes and accounts in Michigan to two men in Albany, N. Y., and of a power of attorney from those men to Smith to collect such notes and accounts. The justice rendered judgment against the garnishees for the said sum of $123.35, and they appealed.

On the trial of the appeal, plaintiffs offered in evidence the examination of Blair before the justice; to which it was objected:

1st, That the court had no appellate jurisdiction in this class of cases:

2d. That if the court had jurisdiction, this statement,

in the absence of any statutory provision making it evidence, could not be used as such.

The court received the evidence, and plaintiff rested his case.

Blair thereupon proposed to be again sworn, as upon a preliminary examination; and was allowed, under objection, to be so sworn. He testified that his statement before the justice, which had just been read, was true, except that he made a mistake as to the amount of the money collected, which was $102.17, instead of $123.35. He further testified, under objection, that he held in his hand two instruments in writing; one an assignment of the demands on which the moneys were collected, by Smith to certain persons at Albany, N. Y., and the other a power of attorney from the assignees to Smith, both of which bore date before the service of the garnishee process: that he first saw these papers about four weeks after the service of the garnishee summons, and had no knowledge of the time of their execution, beyond what might be inferred from their date, and the statement made to him by Smith.

And thereupon the circuit court reserved for the opinion of this court the following questions:

1st: Has this court any jurisdiction to hear, try, and determine the appeal?

2d: If it has, is the statement of Blair in the court below, evidence in the circuit court?

3d: If it is evidence in the circuit court, is it the sole evidence that can be offered by the plaintiffs to determine the liability of the garnishees, or can the plaintiffs offer cumulative or contradictory evidence?

4th: Is the statement of Blair, as upon a preliminary examination, admissible at the instance of the garnishees?

5th: If such statement on oath is admissible, can the papers testified to by him be received as a part of the statement?

6th: Can any cumulative or contradictory evidence be offered to such statement?

*Johnson & Higby*, for plaintiffs:

To the point that evidence cumulative or contradictory of the statement of the garnishee could not be given, they cited 3 *Mich.* 309; 2 *Mass.* 96; 4 *Mass.* 450; *Ibid.* 81, 85; 12 *Mass.* 90; 8 *Pick.* 67; 12 *Pick.* 383; 19 *Pick.* 20; 21 *Pick.* 109.

*A. Blair*, for defendants:

1. The garnishee is a witness for the plaintiff, and the *disclosures* which he makes before the justice are evidence before him. The justice is required to take minutes of the examination, and file the same with the other papers in the cause.—*Comp. L.* §4782; 3 *Mich.* 309.

2. The appeal brings up the cause for a re-trial, and the circuit court should hear the witness. The minutes of the justice are not evidence upon which to re-try the cause because the statute does not make them so.—5 *Fost.* 482,

The proper course upon appeal is to require the plaintiff to file interrogatories, and the defendant (garnishee) to answer them in writing. The extent to which this shall go is in the discretion of the court.—8 *Cush.* 518.

Campbell J.:

The first question reserved is answered by the statute. It provides in express terms (*Comp. L.* §4786) that either party to garnishee proceedings shall be entitled to an appeal, as in other cases. Where the statute gives an absolute right, the court to which an appeal lies from the justice has jurisdiction in these appeals as in other cases—the only distinction being, that upon the trial the peculiarity of the evidence may modify its action. It is not to be denied that there are many peculiarities in the act, and it is in some respects impracticable; but so far as it can be enforced, it gives jurisdiction.

7 Mich.—II.

The second question is, Whether Blair's statement on oath, made in the court below, and subscribed by him, was legitimate evidence in the circuit court. We think it was. Where these proceedings are resorted to, the admission of the garnishee is the basis of recovery against him; and where it is made on oath, in writing, and signed, there can be no dispute about its contents. The statute is defective in its provisions relative to the manner of securing evidence of the admissions, and where the justice merely reduces them to writing, and they are not signed, it may be difficult to sustain his minutes as of much validity as evidence. We give no opinion on such a hypothesis. The difficulty does not arise where the statement is signed, and verified by the person making it.

We are next asked to decide whether this statement is the sole evidence receivable on behalf of the plaintiffs. It has been decided by this court in *Maynard v. Cornwell*, 3. *Mich.* 309, that no judgment can be had against a garnishee beyond his admitted liability, and that his statement can not be controverted. This we conceive to be the correct doctrine, and we adhere to this principle. But, as we have already seen, the admission of the garnishee in the justice's court is not always preserved in a responsible form, and the remedy might be entirely destroyed by admitting no other evidence. Moreover, the trial of appeals from justices is ordinarily intended to be a trial such as is had in original suits in the circuit court, and there is no good reason for departing from this rule in garnishee proceedings. The plaintiff, as well as the garnishee, may appeal; and when he does, it may be for the reason that he has failed to obtain a full discovery. The plaintiff is, we think, at liberty to examine the garnishee fully in the circuit court. He is not at liberty to contradict him, but in cases where he desires further information, there is no good reason why he should not be at liberty to examine the garnishee himself, to get at all the facts. Where the garnishee has property in his

hands, it may sometimes be desirable to prove its value, and, possibly, in other cases, the plaintiff may be entitled to introduce evidence where it does not conflict with the disclosures of the garnishee, or increase his liability. But as to the latter, we think he may be examined at length.

The next question presented is, Whether the garnishee, when the plaintiff relies upon his admissions made before the justice, has the right to make other or further statements in the circuit court, on oath. A witness is generally permitted to correct any statement made by him by mistake or inadvertence. The garnishee here was admitted to show that, by a mistake, he had overstated the amount of money in his hands. We think there was no reason for excluding the statement. The law does not design to compel a person to pay more than he owes, and if, in this proceeding, where he is a conclusive witness, and can not be contradicted, any case should arise in which there should be concealment, the remedy must be found in another form.

The next question is, Whether, in the case before us, the garnishee was entitled to show the transfer of the funds in his hands, made by the original defendant to other parties, We have no doubt he might properly do so. The admission before the justice, in this instance, was not such as to charge him at all; for while it admitted funds in his hands it did not admit they belonged to the defendant in the original suit. But had the admission been unqualified, it would be contrary to the intention of the act to hold him responsible, if he should ascertain, and offer to prove, that the ownership was not where he supposed it to be. We do not desire to express any opinion upon the law which would determine the validity or invalidity of the creditors' claim upon a fund garnisheed without notice of an assignment, and where the garnishee had no notice of it. In the case before us, the garnishee had notice of the assignment, and so declared when first examined; and the papers introduced at the circuit were originals of the same which he had produced copies of before.

The next question is, Whether the statement of the gar-nishee can be added to, or contradicted, by other evidence. We have already said that it can not be contradicted. The case does not show that any cumulative evidence was offered, and that branch of the question becomes speculative merely, and we express no opinion upon it.   Let it be certified ac-cordingly.

The other Justices concurred.