## Charles A. Lorman and others v. The Phœnix Insurance Company.

*Foreign corporations: Agents: Garnishee proceedings: Disclosure.* The general agent in this state of a foreign corporation doing business here, who is authorized to receive service of process on its behalf, has authority under the statute, when he has been served with garnishee process against the company, to make answer or disclosure on behalf of the company.

*Garnishee proceedings: Disclosure: Foreign corporations: Agent.* A foreign corporation against which garnishee process has been served upon its lawfully authorized agent is not to be considered in default for want of an answer after disclosure filed by such agent.

*Garnishee proceedings: Disclosure: Plaintiff's evidence.* The disclosure in garnishee proceedings is to be considered as evidence for the plaintiff, and unless it affirmatively discloses a liability to the principal defendant the plaintiff cannot recover.

*Special appeal: Reversal: Costs.* On judgment of reversal in the circuit on a special appeal from a justice's judgment against a garnishee, the latter is entitled to costs.

*Taxation of costs: Writ of error.* Questions in reference to the taxation of costs in the court below are not brought up for review by the writ of error.

*Submitted on briefs October 26.    Decided November 2.*

Error to Wayne Circuit.

*J. G. Dickinson,* for plaintiffs in error.

*Moore & Griffin,* for defendant in error.

MARSTON, J:

The defendant in error, a foreign corporation, was summoned to appear and answer in justice's court as garnishee of Gilbert Travers, under *sections 6463 and 6439 of the Compiled Laws.*

The summons was issued February 3, returnable on the 13th, and was personally served upon Ira Worcester, the general agent of the company in this state, authorized to receive service of process. On the return day the cause was by consent adjourned until the 17th of February, when

33 MICH.—9.

the parties again appeared, and a written answer or disclosure, made and sworn to by Levi T. Griffin as agent and attorney of the company, was filed.    This was excepted to by the plaintiff as insufficient, and the cause was again adjourned by consent until March 6th, and on that day it was again adjourned by consent to March 16th, to enable defendant to make further answer.    On the 16th, defendant did not appear, and its default was noted, but on the 17th a further answer was filed by the defendant, which was made and sworn to by Ira Worcester, the agent of the company on whom the process was served.    The cause was then by consent adjourned until March 19th, at which time counsel for the respective parties appeared, and argued and submitted the cause.    March 23d the justice, considering the "disclosures of the garnishee insufficient," rendered judgment against the company for the amount of the plaintiff's claim.    The company removed the case to the circuit court by general and special appeal, where the judgment of the justice was reversed, with costs against plaintiff in error Lorman.

We think the justice erred in considering the answer of the garnishee, as made and sworn to by Mr. Worcester, insufficient, and thereupon rendering judgment as though no answer had been put in.    Whatever might have been the position of the company until the time the second disclosure was filed, yet after the filing of that disclosure the company could no longer be considered as in default.    It is only when the company fails to answer through its proper officer, that the corporation can be held to be indebted to the defendant on the original suit.    The statute is clear and explicit, that "the summons may be served upon the general or special agent of the corporation, and it shall be the duty of such officer so sued (served), or of the proper officer of such corporation having knowledge of the facts, to appear before the justice at the return day of the summons," to answer, etc.    Worcester was the officer of the company upon whom the summons was served, and it therefore became his duty to appear and answer.    Such

answer could not be treated as not having been made by the proper officer of the company, and therefore a nullity. If he was the proper officer on whom process could be served, he was also the proper officer under the statute to answer. The plaintiffs under this statute could not treat him as authorized to act for the company in the one case, and deny his authority in the other.

This answer having been put in, the company was no longer in default. The proceedings thereafter must be "in the same manner and with the like effect as against individuals." Unless the answer, therefore, disclosed a liability on the part of the company to the principal defendant, the justice had no authority to render judgment against the company. This the answer did not do. It went farther and denied any liability. True, it appears that Mr. Worcester did not have personal knowledge of all the facts stated by him in his disclosure. In the very nature of things this could not well be otherwise in the case of a foreign corporation. This, however, does not help the plaintiffs. The answer is the evidence on their part, and unless it affirmatively, by competent evidence, discloses a liability by the corporation to the principal defendant, they cannot recover.

The judgment of the justice's court having been reversed in the circuit, the garnishee defendant was entitled to its costs, and no question is raised by the assignments of error as to the form of the judgment in this respect. The questions sought to be raised on the taxation of costs cannot be brought up by writ of error in this manner.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.