## Ephraim B. Town v. Lester A. Tabor.

*Replevin: Defense: Attachment proceedings: Contract rights.* In an action of replevin against a constable to recover property he had seized upon an attachment against a third person, the exclusion of a defense based upon contract rights to the property in the plaintiff in attachment, is held not error where no such rights were set up when the demand was made before the replevin suit was brought, and it does not fairly appear that the officer was instructed to hold on the footing of such rights, and where the contract set up gave the right of possession to another.

*Attachment: Modes of service: Statute construed.* The statute as to service of writs of attachment from justice's courts contemplates personal service if defendant can be found in the county, and if not, then, as the next best mode, the leaving of certified copies at his last place of residence in the county, and finally, as a last alternative, service upon the person found in possession of the property; and the officer is bound to use diligence to secure the best service, and may not adopt an inferior one until, after reasonable diligence running through the time given for it, all superior modes are found impracticable.

*Attachment: Return of service Personal service: Service by copy: Service on agent.* And when the constable's return shows that the only service made was by leaving the papers with the person found in possession of the property, and that such service was made at a time when there was still another day left within which the personal service, or service by leaving a copy at the last place of residence, etc., was available, the justice acquires no jurisdiction to proceed with the case.

*Attachment: Service: Return: Amendment: Offer.* And an offer to amend such return by parol evidence that the writ was not in fact handed back into the justice's office by the constable until its return day, and that in the interval between such service as he did make and the return day he was unable to find the defendant, if competent, does not go far enough to cure the defect, in the absence of any proposal to show also that he acted under the writ in the meantime, and sought and was unable to find the defendant or his last place of residence in the county.

*Service: Return.* In all cases the return of service should inform the court that lawful service has been made.

*Res inter alios.* It is not for a defendant in replevin to object that the plaintiff acquired title from a third person through an abuse of confidential relations, so long as the person said to be thus defrauded is satisfied and makes no complaint.

*Attorneys: Dealings with client.* There is no law in this state to prevent an attorney from buying a chattel of one person and then suing another in replevin to obtain possession of it.

*Heard June 7. Decided June 13.*

Error to Van Buren Circuit.

*George W. Lawton,* for plaintiff in error.

*L. A. Tabor,* in person, *Richards & Mills* and *N. Foster,* for defendant in error.

GRAVES, J:

Tabor sued in replevin for an organ that Town held and refused to deliver to him.

The action was tried in October, 1875. Tabor gave evidence that he bought the organ of Martin Carmen and his daughter Lizzie Carmen on March 9, 1874, and received a bill of sale therefor. This bill of sale was given in evidence, but is not in the record.

At this time Tabor was an attorney, and had previously acted as such for the Carmens in regard to a claim made against the organ by Kinney, Adams & Co., under color of attachment proceedings before a justice, against Martin Carmen. Town was constable, and he sought to justify his holding against Tabor, *first,* under a levy made by him of an execution, March 12, 1875, in the attachment case against Martin Carmen; and *second,* on a right to the organ claimed by Kinney, Adams & Co. in virtue of an assignment to them on March 4, 1874, of a written contract for the sale of the organ to Martin Carmen by Blakeman & Phillips, the assignment being by Phillips, but covering the interest of both Blakeman and Phillips.

The court ruled out the attachment proceedings as void, and refused the defense set up under the assignment of the contract, and ordered a verdict for Tabor.

TOWN *v.* TABOR.

When Tabor made demand, Town claimed, as plainly appears from his own testimony as well as from the other evidence, to hold only under the levy, and made no pretense of holding under any right of Kinney, Adams & Co. in virtue of the assigned contract, and indeed the evidence does not fairly tend to show that he was instructed by Kinney, Adams & Co. to hold on the footing of that contract, and there is no evidence that Carmen or Tabor was advised at that time that Kinney, Adams & Co. had obtained an assignment of the old contract and meant to maintain Town's possession on the strength of it. There is a further difficulty. The contract in question gave Carmen the right of possession, and there was no proof of facts to show this right of possession had been cut off. Carmen had given his note, and this seems to have been outstanding and not returned, and Kinney, Adams & Co. had done nothing to get possession or complete their right to it under the terms of the contract. It is not worth while to consider this part of the case further. There was no error in excluding this ground of defense.

Were the attachment proceedings invalid on jurisdictional grounds? We think they were. The attachment was issued on the 26th of January, 1874, and was made returnable on the 2d of February thereafter. It was not served personally, but only by seizure of the organ and service of papers on a third person found in possession. There was no appearance by the defendant, and this is explicitly stated in the record made by the justice. The law gave the officer for service all except the last six days, and Town's certificate as constable shows that he seized the organ and made service on the person in possession on the very day the writ was issued. In short, the manifest sense of his return is, that whatever he did in effecting service was done on the first day. After the proceedings had been objected to and ruled out, he offered to show by the oath of the justice that in fact the writ of attachment was handed back into the justice's office on the 2d of February, and he offered to testify

himself to the same fact, and further that during the interval in which the writ was in his hands he could not find the defendant named in it. The offer was refused. He did not propose to show by the justice that he acted under or proceeded on the writ in any way after the day it was issued, nor did he propose to swear that he did any thing in order to execute the writ after that day, unless we are to infer, from his offer to swear that he could not find defendant, that he looked after him. · Neither offer implied any purpose to show a search after January 26th for a last place of residence of the defendant in the county.

Granting, but not deciding, that it was competent to make parol proof of such facts as were suggested, and supposing them proved, and still the action of Town in executing the writ is left where his certificate left it, except in so far as the statement that he could not find the defendant may be supposed to change it. The fact that he delivered the writ to the justice on the second of February is not decisive. The question is, what he did under the writ, and when he did it. And viewing his certificate, and considering the facts proposed to be shown as though they had been proved, and we still find that the service made was on the day the writ issued, and when there was at least another day within which to make personal service, or service by copy left at defendant's residence. We also find that on this very day on which the writ issued, service was made in a mode which is only permissible in case the officer by the use of reasonable diligence during the time allowed him is unable to make personal service, and is also unable by such diligence to serve by copy at the last residence of the defendant in the county.

As the merits of the substantial point raised were not affected by the exclusion of the evidence offered, I do not propose to discuss the exception taken to the exclusion. The vital question, and which has been hinted at already, comes up in any view upon the certificate.

Coming back then to the return itself, we think it showed that the process was defectively executed. Upon

any reasonable construction of the statute it was needful to employ at least one day more in order to make personal service, or in case of failure on account of defendant's absence from the county, then to serve by leaving certified copies of the papers at defendant's last place of residence. The law contemplates that the officer shall serve personally, if he can find the defendant in the county. But if he cannot find him, then, as the next best mode, to leave certified copies of the papers at his last place of residence in the county; and finally, as a last alternative, and as the least satisfactory mode, and which is only permitted in case the other modes are found after reasonable diligence to be impracticable, to leave the papers with the person found in possession of the property to be bound by the writ. Within the time allowed him the officer is required to use reasonable diligence to secure the best service, and the alternative modes are provided for in the order of their goodness. An inferior mode is not to be adopted unless, after reasonable diligence running through the time given for it, the superior one appears impracticable.

The time given to make the best attainable service is given by the law, and it is essential that the officer take it before he assumes to conclude by service in the second or third way. When he does not take the time given, and immediately winds up his doings in the way of service by leaving copies, the law regulating the course in regard to service is violated, and the court may not say that no better service would have been attainable if the command of the law had been observed. In such case the specific service made is not shown to the court to be authorized at all, is not proved to be the kind of service adapted to the exigency, because the means which the law has provided for the showing do not show it. In all cases the return should inform the justice that lawful service has been made. The return here distinctly shows that the officer abridged the time, and hence does not prove, either expressly or presumptively, that the right to serve by leaving copies with the person in posses-

sion had arisen. No service by leaving copies with the person found in possession can be valid unless the officer by reasonable diligence within the time allowed him is unable to make service in one or the other of the preceding modes, and inability to serve in these modes, during the whole time given to serve, should appear in order to show the third mode of service to be warranted at all. If the contrary is apparent, the service is shown to be bad.

The argument against the validity of Tabor's title on account of his being an attorney, and his relation to the controversy, does not appear to the court to be sound. The Carmens, so far as appears, are quite satisfied with him and his measures, and it is not for Town to attempt to repel Tabor's effort to get possession, by claiming that he defrauded or overreached the Carmens in getting from them the right on which he has based his suit; and the statutes referred to, which forbid certain dealings by attorneys in the way of getting demands with intent to prosecute them for the purpose of profit, have no application. There is no law in this state to prevent an attorney from buying a chattel of one person, and then suing another in replevin to get possession of it.

There were some items of evidence concerning talk about a compromise of the attachment suit, and the judge alluded to it. Objection is made to what he said. The point has nothing in it. The evidence did not tend to show any compromise. On the contrary, the facts show that Kinney, Adams & Co. did not suppose there was any, and acted accordingly. They proceeded to judgment and caused execution to issue. If the organ had become theirs by compromise, the taking on execution was absurd. At the most there was some talk about settlement, which came to nothing, as the case shows.

On the whole, we discover no ground for disturbing the judgment, and it must be affirmed, with costs.

The other Justices concurred.