MIRZA R. MANHARD, ASSIGNEE, v. SAMUEL SCHOTT ET AL.

*Attachment—Practice—Justice's Courts—Special Appeals.*

Pleading to the merits brings one into court whether lawfully served with process or not, and he cannot afterwards object to the manner in which he was brought in.

A motion to quash a writ of attachment was overruled by a justice and defendants went to trial on the merits and suffered judgment. On appeal the circuit court reversed this judgment for matters that fell within the motion to quash, and without trying the case on the merits. *Held* error; the court should have tried the case on the issue of fact.

Questions of evidence cannot be made a ground of special appeal for reversing a justice's judgment without a trial at the circuit.

Whether a justice can proceed in attachment where no property has been seized and no service had upon part of the defendants, and upon the other only substituted service by leaving a copy of the writ at his last place of residence—Q.

Error to Marquette. Submitted June 20. Decided Oct. 2.

ATTACHMENT. The facts are in the opinion.

*Ball & Owen,* for plaintiff in error.

*M. H. Crocker* for defendants in error.

CAMPBELL, J. In this case an attachment suit was brought before a justice in Marquette county, by plaintiff

against defendants, but no property was found, and no personal service was had on any of the defendants; but substituted service was made on one of them, Nathan Schott, by leaving a copy of the writ at his last place of residence. The writ was returnable on the 18th of November, 1875, and the return was made on the 12th. The case was adjourned until December 20, at which time plaintiff declared. All the defendants appeared specially by attorney and moved to quash the proceedings for various defects going, as was claimed, to the jurisdiction. This motion being denied, the defendants pleaded the general issue, with certain special notices in bar, and a trial was had on the merits, resulting in a verdict for plaintiff. Affidavit was then made for an appeal, with special allegations going in part to the matters covered by the motion to quash, and in part to rulings on the trial upon questions of evidence. The circuit court reversed the judgment, on the special matters, without trial on the merits.

If there had been no appearance or plea before the justice, the jurisdictional questions would be important and might be decisive. Two of the defendants were not served at all, and as to the third, a question may arise as to whether there was such a "personal service" as authorizes a justice to proceed in attachment where no property has been seized. Comp. L., § 5285.

But, instead of resting on the defectiveness of the process to confer jurisdiction, all of these defendants joined in pleading in bar to the merits, and the case was regularly tried on their plea. Pleading to the merits brings the parties before the court whether lawfully served with process or not, and they cannot thereafter object to the manner in which they are brought in. *Hart v. Blake*, 31 Mich., 278; *Crane v. Hardy*, 1 Mich., 56; *Pardee v. Smith*, 27 Mich., 33–38.

The questions which arose on the trial cannot be made the ground of a special appeal, for reversing the judgment without a trial at the circuit. *Albert v. Sutton*, 28 Mich.,

2; *Dalton v. Laudahn,* 30 Mich., 349; *McGraw v. Sturgeon,* 29 Mich., 426.

The case was one which should have been tried on the issue of fact, and the court erred in reversing the judgment of the justice without a trial.

The judgment of the circuit court must be reversed with costs, and the cause remanded for trial.

The other Justices concurred.