## CHARLES H. HACKLEY ET AL. v. LOUIS KANITZ.

*Garnishment.*

Judgment cannot be rendered against a garnishee, whether he appeared on the return day of summons or not, if his dis-closure does not *prima facie* show a liability.

A garnishee's disclosure is the only evidence that can be intro-duced in the proceeding against him.

Error to Muskegon. Submitted October 10. Decided October 22.

GARNISHMENT. Plaintiffs assign error on a judgment of the circuit court reversing on certiorari the judgment of a justice against the garnishee.

*C. C. Chamberlain* for plaintiffs in error.

*Frank Bracelin* for defendant in error.

MARSTON, J. The judgment of the circuit court reversing the judgment rendered in justice's court must be affirmed.

Kanitz was proceeded against as garnishee of one Brown. He appeared before the justice and made disclosure which was reduced to writing. Looking at this disclosure alone it is utterly impossible to arrive at any clear or definite understanding as to the arrangement made between him and Brown, or what property he had, if any, in his hands or under his control belonging to Brown, or the value of the same. There was some arrangement between them growing out of some sort of deal in reference to limestone, which would entitle Brown to a quantity of lime when thereafter burned by Kanitz. The disclosure is so ambiguous and uncertain that it would not authorize the justice to render judgment against Kanitz as garnishee for $137.22, as was done, or for any other sum.

The disclosure is the evidence, and all the evidence that can be introduced in the case, and if that does not *prima facie* show a liability upon which judgment could be rendered, the justice has no authority to render a judgment against the garnishee, whether he appears upon the return day of the summons to show cause why a judgment should not be rendered against him, or not. This has been repeatedly held in this State, and must be considered as settled.

Judgment affirmed with costs.

The other Justices concurred.