JARED A. SEXTON v. FERDINAND AMOS, GARNISHEE.

*Garnishee's disclosure.*

A garnishee's disclosure is to be taken altogether, and no part of it can be excluded merely for being made on information and belief.

A garnishee is not charged by his admission that he has in his possession property which he had hired from the principal defendant, where he also states that a third person had since told him he had bought it from the defendant.

Error to Wayne. Submitted Oct. 30. Decided Nov. 21.

TROVER against a garnishee. Plaintiff brings error.

*Fred. A. Baker* for plaintiff in error.

*Henry M. Cheever* for defendant in error. The cross-examination of a garnishee is part of his original disclosure, *Wilson v. Wagar*, 26 Mich., 452; *Campau v. Traub*, 27 Mich., 217; and a garnishee, for his own sake, should state all facts which have destroyed the relation of debtor and creditor, Drake on Attachment, §§ 629–632, 717.; a disclosure that does not distinctly show that the garnishee has property belonging to the principal debtor will not sustain a judgment, *Kane v. Clough*, 36 Mich., 436; *Hewitt v. Wagar Lumber Co.*, 38 Mich., 701.

GRAVES, J. Sexton having sued Sink before a justice upon a cause of action on contract, garnished Amos upon an affidavit that he was indebted to Sink and had in his possession or under his control property, money, or effects belonging to Sink. The garnishee summons was made returnable May 15, 1878, and was served on the 4th .of that month, and on the return day Amos appeared and being examined on behalf of plaintiff made this statement:

" I am acquainted with Augustus R. Sink. I leased some personal property of him *some time ago*. I had it in *my possession* when garnishee summons in this cause was served. I have a list of the property. Property consisted of hotel furniture. It is worth about from twelve hundred dollars to fourteen hundred dollars. My *lease is terminated of said property*. I still have property in my possession."

His examination being continued by his own counsel he further stated as follows:

" Prior to the service of summons in this cause Robert Blake came to me and showed me a bill of sale from Sink to him of the furniture in my possession; he said he had bought the furniture. This was a month or six weeks before service of summons I should think. I don't recollect as Sink ever told me anything about the sale to Blake. I think about the same time a written notice was given me by some one, signed by Sink."

The oral examination being concluded, Amos filed with the justice at the same time, but under the plaintiff's objection, a full disclosure in writing and on oath. May 22d, 1878, the plaintiff took out a second summons requiring Amos to show cause on the 31st of May why judgment should not be rendered against him as garnishee of Sink.

The parties appeared and the plaintiff declared in the form of trover for property, money, and effects of Sink in the hands of Amos and added a count for money had and received. Amos pleaded the general issue. The plaintiff thereupon proved recovery in the principal suit against Sink for $195.21 damages and $5 costs and submitted in evidence the oral disclosure made by Amos on the first hearing and rested. The garnishee then offered his supplemental disclosure before mentioned, which the justice received subject to an objection by the plaintiff. No further showing was suggested on either side. July 5th, 1878, the justice rendered judgment against Amos for $202.75 and $4 costs. Amos removed the cause by *certiorari* to the circuit court where the judgment was reversed, and the plaintiff now asks a reversal of the latter judgment.

His position is that the written disclosure was incompetent; that the chief part of the verbal one called out by the garnishee's counsel was mere hearsay and incompetent; and that the residue of the oral disclosure contained admissions which when aided by proper inference or presumption in fact were sufficient to support the judgment.

The argument is ingenious but we cannot yield to it. The counsel for defendant in error claims no benefit from the written disclosure and the case may be disposed of without reference to it.

The court held in *Allen v. Hazen*, 26 Mich., 142, that under our existing statute the garnishee's disclosure is

somewhat analogous in its function to an answer in chancery, and that whatever it admits may be taken by the plaintiff as established and that the garnishee's oral admissions in his disclosure concerning the contents of a deed of conveyance, if made without objection, cannot be rejected from the disclosure as incompetent.

In *Maynards v. Cornwell*, 3 Mich., 309, the court laid it down that the answers of the garnishee when *pertinent* must be taken as true.

In *Newell v. Blair*, 7 Mich., 103, it was decided that his statements could not be contradicted, and on the other hand that no recovery against him could be allowed beyond his admitted liability, and the same view was expressed in *Thomas v. Sprague*, 12 Mich., 120. In the former case the garnishee admitted possession of money collected on notes left for that purpose by the principal defendant, but stated also that after he was served with the summons the principal defendant showed him what purported to be copies of a bill of sale of all the notes to two men in Albany, and a power of attorney from them to such principal defendant to collect the notes, and this court distinctly recognized the statement about the bill of sale as one proper in its nature to be given, and as constituting an integral part of the disclosure.

It has been held repeatedly elsewhere that the garnishee's answers are to be regarded as true, and that the principle extends to assertions made on his belief of facts derived from other sources of information as well as from his own personal knowledge. *Crossman v. Crossman*, 21 Pick., 21; *Bostwick v. Bass*, 99 Mass., 469; *Fay v. Sears*, 111 Mass., 154, and cases cited.

If he were confined to things within his own knowledge and could only adduce as matter of discharge what he could positively affirm as true, he would not only be exposed to ruinous injustice himself but might become instrumental in doing great wrong to others. His position would expose his rights to ten fold more peril than

he would encounter if at law in the character of a contentious litigant on his own account.

In furtherance of the interests of a stranger, and where he himself has no interest whatever, he is compelled to appear and disclose, and so far as construction may fairly go, it should aim to guard him against being entrapped into a necessity of answering for another's liability out of his own pocket by means of a rigorous administration of the remedy, and where in truth he ought not to be held.

As observed by Judge Story in *Picquet v. Swan*, 4 Mason, 443, 460, "there must be a clear admission of goods, effects, or credits, not disputed or controverted by the supposed trustees, before they can be truly said to have them in deposit or trust." It will of course be understood that this citation is meant to apply to cases where the plaintiff abides by the original disclosure as in this instance.

Now, the various statements made by Amos belonged to the answer which the process required from him and constituted parts of the disclosure which is an entire thing. It is not admissible to receive and retain whatever tends to charge the garnishee and exclude or deny such matter as tends otherwise, and the fact that a statement is given upon information, or consists in an account of having seen some writing, is no ground for suppressing it. The whole disclosure must be taken and construed together and the proper result be deduced.

It may be urged that cases occur where the party garnished is dishonest and in the interest of the principal defendant, and that the views here expressed will defeat the remedy. The conclusion is not admitted. But if it were, it could not avail. The reasons of the law are general and they cannot be bent to meet exceptional cases. There may be and doubtless are persons who, being debtors on their own account, succeed in baffling the vigilance of all existing laws; but no one will argue from this, that the present system and the

policy belonging to it ought. to be subverted or even swerved in the least in order that a class of knavish debtors may be caught. There is no pretense in the record of any liability for indebtedness. The whole case rests upon the claim that Amos holds property belonging to Sink, and when the principles here stated are applied it appears plain to the court that the reversal below was warranted.

In *Newell v. Blair*, supra, the court said: "The admission before the justice, in this instance, was not such as to charge him [the garnishee] at all; for while it admitted funds in his hands it did not admit they belonged to the defendant in the original suit."

If instead of the word "funds" we say "property," this ruling is exactly in point.

The judgment should be affirmed with costs.

The other Justices concurred.