### JOHN KRAFT v. PETER RATHS.

*Garnishment—Return of writ not served.*

A writ of attachment and garnishment, returned on the day of issue not served upon the principal defendant, cannot bind him.

A garnishee cannot be held on a disclosure that he has nothing except a draft payable to the wife of the principal defendant.

Argument on the merits cannot be made on a motion for a re-hearing, but only on the re-hearing itself, if granted.

Re-taxation of costs cannot be urged on a motion for a modification of the judgment.

Error to Wayne.   Submitted Oct. 28. · Decided Nov. 10.

ATTACHMENT.   Defendant brings error.   Reversed.

*Rienzi Loud*, for plaintiff in error.

*James H. Pound*, for defendant in error.

CAMPBELL, J.  Raths sued out an attachment and garnishee ·process against John Kraft as debtor and Frederick. Kraft as garnishee, on June 27, 1879, returnable July 7, 1879. The officer having the writ served it on the garnishee and returned it not found as to the principal defendant on the day of its issue.

On the return day the garnishee appeared, but the principal defendant did not.  Mr. Loud appeared as an attorney and moved to quash the proceedings for the illegality of the return.  This was overruled.  The garnishee's answer showed that he had nothing in his hands, except a draft payable to the order of defendant's wife, and which, therefore, belonged to her in law and could be collected only on her order.

After the motion to quash was decided and an adjournment had been made, the justice allowed the officer to change his return *ex parte* and without any showing, by dating it July 2d, and averring he had not been able to find defend-

ant, and had served a copy of the writ on the 27th of June on the garnishee.

Judgment was thereafter rendered on the adjourned day, plaintiff proving his account, and the justice as he returns basing his judgment on the garnishee's disclosure.

The return is somewhat ambiguous on several matters, but we have no doubt the justice treated it as a case of attachment not personally served. No plea was ever put in, and the motions made and denied would have been senseless if there had been any appearance by the principal defendant.

As the writ was actually returned into the hands of the justice on the day of the issue, and never left his custody, the amended return even if good on its face—which it was not—could not have been allowed to give jurisdiction. There is no pretense that a writ returned not served as soon as issued, can be of any validity to bind a party. *Withington v. Southworth* 26 Mich. 381; *Nicolls v. Lawrence* 30 Mich. 395. Neither was the garnishee's disclosure evidence that any liability existed in him on which a responsibility could attach. The circuit court so held.

The proceedings were void and should have been vacated. The judgment of the circuit court affirming the principal judgment must be reversed with costs of both courts.

The other Justices concurred.

---

Afterwards, at the January term, 1881, the defendant in error moved for a re-hearing and a modification of the judgment, and urged that costs should not have been awarded against him. Submitted and denied January 4, 1881.

*James H. Pound*, for the motion.

THE COURT said they could hear no argument on the merits, which could only come up on the re-hearing, if granted. They denied the motion, as, in deciding the case, they had considered the questions raised. They also held that a question of the re-taxation of costs could not be raised on a motion for a modification of judgment.