## CHARLES H. WALKER ET AL v. THE DETROIT, GRAND HAVEN AND MILWAUKEE RAILROAD COMPANY

*Garnishment of common carrier—Agent's disclosure—Transfers.*

A garnishee cannot be held in justice's court except upon such liability as is admitted by the disclosure, which must not be ambiguous.

A railway company, being garnished, disclosed by its agent that as common carrier it had in its possession goods consigned to the principal defendant, but the agent did not know whether they belonged to such defendant and had no personal knowledge of his business or of other consignments. *Held* insufficient to make the company liable as garnishee in a proceeding before a justice.

Common carriers must recognize transfers of bills of lading and consignments of goods and unless protected by proper vouchers cannot always assume to deal with consignments as actually and beneficially belonging to the consignee.

The garnishment statute does not attempt to cut off the rights of strangers to the litigation or to compel a garnishee at his peril to decide questions of fact as to ownership on which he has no means of knowledge.

Error to Wayne.    Submitted Oct. 13.    Decided Oct. 31.

GARNISHMENT.    Plaintiffs bring error.    Affirmed.

*John W. McGrath* for appellant.   A garnishee's disclosure is

analogous to an answer in chancery, and what it admits is established: *Allen v. Hazen* 26 Mich. 142; ordinarily, delivery to a carrier vests the title in a consignee : Benj. on Sales § 326 ; *Krulder v. Ellison* 47 N. Y. 36; whatever defense the garnishee could set up against an action by the principal defendant for the debt or property in respect to which he is garnished, he may set up in bar of a judgment against him as garnishee: *Sheedy v. Second Nat. Bk.* 62 Mo. 17 ; the garnishee's possession is that of the principal defendant, and possession is evidence of title, and affords a prima facie presumption of ownership: *Stephenson v. Little* 10 Mich. 433; *Hovey v. Sebring* 24 Mich. 232; where the answer sets forth facts which disclose a liability, it need not state the conclusion of fact or of law to fix such liability: *Sexton v. Amos* 39 Mich. 695; *Hackley v. Kanitz* id. 398 ; *Weirich v. Scribner* 44 Mich. 73; the garnishee is not confined to facts within his own knowledge: *Newell v. Blair* 7 Mich. 103; *Hewitt v. Wagar Lumber Co.* 38 Mich. 701; *Townsend v. Circuit Judge* 39 Mich. 407 ; *Spears v. Chapman* 43 Mich. 541.

*George S. Hosmer* (*Griffin, Dickinson, Thurber & Hosmer*) for appellee. A garnishee's disclosure in justice's court must be clear and distinct in its statements or admissions on which recovery depends, or be considered insufficient ; it must affirmatively, by competent evidence, disclose a liability to the principal defendant, or plaintiff cannot recover: *Lorman v. Phœnix Ins. Co.* 33 Mich. 65 ; *Hackley v. Kanitz* 39 Mich. 398; " the garnishee, in case he does not needlessly involve himself, is entitled to insist that the action against him shall proceed on such grounds and in such mode as will guard against double liability ; " *Laidlaw v. Morrow* 44 Mich. 547 ; common carriers should not be subject to the garnishment statute where its effect would be to interfere with the discharge of their public duties : *Ill. Cent. R. R. v. Cobb* 48 Ill. 402 ; *Mich. Cent. R. R. v. C. & M. L. S. R. R.* 1 Ill. App. Cas. 404.

CAMPBELL, J.  The only question in this case is whether

any recovery could be had against the defendant corporation as a garnishee, under the disclosure filed, or by resort to further evidence.

It has been uniformly held that no recovery can be had against a garnishee in a justice's court, except upon such liability as is admitted by the disclosure. There must be no ambiguity. *Spears v. Chapman* 43 Mich. 541; *Weirich v. Scribner* 44 Mich. 73; *Sexton v. Amos* 39 Mich. 695; *Hackley v. Kanitz* 39 Mich. 398; *Lorman v. Phœnix Ins. Co.* 33 Mich. 65.

The disclosure, in its original, supplemented by its amplified form, shows that defendant as a common carrier had in possession certain oats consigned to the principal defendant Thomas Hill; but the agent making disclosure did not know whether they belonged to Hill, and had no personal knowledge of Hill's business, and none of other consignments. He knew Hill had done business with the company, but not its nature or extent.

We think this is not sufficient. While in the absence of any other directions goods are generally deliverable to the consignee, yet it is a frequent occurrence that bills of lading and consignment are transferred to third persons in the ordinary course of business, and the carrier must recognize such transfers. It is also a matter of every-day practice to make consignments to factors and agents. Unless protected by proper vouchers a carrier cannot assume to deal with consignments as in all cases actually and beneficially belonging to the consignee, and the statute does not attempt, if it could do so, to cut off the rights of strangers to the litigation, or to compel a garnishee at his peril to decide questions of fact on which he has no means of knowledge. The process of garnishment, if such use were made of it, would be very oppressive.

We think the judgment below was correct, and it must be affirmed with costs.

The other Justices concurred