## ETIENNE ISABELLE v. IRON CLIFFS COMPANY.

*Garnishment—Evidence affecting disclosure—Stipulation of facts—Personal service of summons—Computation of time—Waiver of defects does not revive collateral suit.*

1. A garnishee's disclosure filed in justice's court, or the justice's written minutes of his disclosure, cannot be contradicted upon appeal by the oral testimony of the justice or of any one else as to what he disclosed; nor can it be so supplemented as to increase the liability admitted thereby.

2. A stipulation of fact by attorneys, while binding on the parties whom they represent in the case in which it is filed, is not admissible to establish such facts in any other case.

3. A justice has no jurisdiction to issue a second summons and follow it with an attachment unless the statutory requirements as to service have been complied with; e. g. in making a diligent effort to obtain personal service and in taking the full time allowed therefor before returning defendant " not found."

4. In computing the time allowed for returning a justice's summons the day of service and the day of return are excluded.

5. Waiver of jurisdictional defects by appearance does not give validity to a collateral proceeding in garnishment, if the latter would otherwise be void on account of such defects.

Error to Marquette. (Grant, J.) April 30.—June 3.

Garnishment. The garnishee brings error. Reversed.

*W. P. Healy* for appellant.

*Hayden & Young* and *George S. Hosmer* for appellee. A declaration in garnishment must be predicated on the disclosure: *Maynards v. Cornwell* 3 Mich. 313; and on appeal a disclosure before a justice is evidence against the garnishee (*Newell v. Blair* 7 Mich. 103), whose oral answers are competent evidence against him : *Allen v. Hazen* 26 Mich. 142; a collateral attack upon a judgment for want of authority in the attorney is confined to a case where such want is affirmatively shown : *Ferguson v. Crawford* 70 N. Y. 254.

CHAMPLIN, J. Defendant was garnished at the suit of plaintiff, as being indebted to one Brunette, and appeared

before the justice and made disclosure by Alexander Maitland, which was in writing, as follows:

"The Iron Cliffs Company makes answer to the garnishee summons in the above cause as follows: The principal defendant, Brunette, performed work and labor for the Iron Cliffs Company in 1882, and shortly after left the country, as this defendant is informed and believes, at which time this defendant was in debt to him in the sum of $1500 or thereabouts. Soon after Brunette left, several suits were commenced against him, before three justices of the peace, in this city, the result of which was that this defendant was garnished before said justices for more than was due to said Brunette from this defendant. Garnishee judgments to the amount of several hundred dollars more than was due to Brunette were rendered by said justices against this defendant, a portion of which judgments were paid by this defendant; and a portion rendered in this court were not paid, and are now being contested by this defendant in the courts as invalid. If said contested judgments are upheld, then the defendant was not indebted, nor had it any money, property, credits, or effects in its hands nor under its control belonging to said Brunette at time of the service on it of the garnishee summons in this cause; otherwise, if said judgments are held void."

It is claimed that this disclosure was sworn to before the justice and filed with him. After judgment in the suit of Isabelle against Brunette, before this same justice, a judgment was rendered against the defendant for $172, and $3.51 costs, from which an appeal was taken to the circuit.

On the trial in the circuit the plaintiff was permitted, against defendant's objection, to introduce additional evidence to the written disclosure made by defendant before the justice, as follows: (1) Records and files of a judgment recovered in an action brought by one Edward Lahais against Alfred Brunette. (2) The files and records of a judgment in favor of said Lahais against the Iron Cliffs Company, as garnishee defendant, which judgment was declared void by the Supreme Court in a replevin suit brought by the Iron Cliffs Company against Lahais. (3) A stipulation of facts signed by the attorneys of the parties in the case of Iron Cliffs Company against Edward Lahais. (4) Garnishee

judgments, and the files and records therein, in five different cases on the docket of the justice, in which the Iron Cliffs Company was garnishee defendant; also the records and files in the principal cases in which defendant was garnishee. (5) The files and record of the judgment rendered by the justice in the case of Etienne Isabelle against Alfred Brunette. (6) The oral testimony of Byron D. Jones, the justice of the peace before whom the disclosure was made, who testified that Maitland was sworn to the written disclosure and that it was filed.

He also testified that certain questions were asked Mr. Maitland by Isabelle's attorney, and, although the justice made no minute in writing of the questions asked or answers given, he was permitted by the court to testify from his recollection that the attorney asked him what amount of money he had in his hands, as matter of fact; to which the witness replied : "There was no paper put in that Maitland had signed his name to. The paper setting forth the answer heretofore referred to was the answer in all three cases. In reply to questions asked by you (Hayden) I think he said he had on hand about five hundred and fifty odd dollars; the exact amount I cannot recollect; I would not know the exact amount if you named it; it was something over five hundred and sixty dollars."

The plaintiff also produced Alexander Maitland, and examined and cross-examined him with reference to his disclosure and to the indebtedness of the Iron Cliffs Company to the principal defendant, and also as to the six judgments which were contested by the company. The witness made no admissions of any liability of defendant to the principal defendant.

The course pursued in the trial of this case in the circuit court was erroneous. How. Stat. § 8036, provides that, " on the appearance of such garnishee before such justice, or on some other day to which the same may be adjourned, the plaintiff may proceed to examine the garnishee on oath or otherwise, as the plaintiff may elect, touching the matters alleged in the affidavit, and the justice shall take minutes of

such examination and file the same with the other papers in the case." The disclosure he thus makes is the foundation of all further proceedings in the case against him. His statements cannot be controverted or contradicted; and unless by his disclosure it is clearly shown that he is liable to the principal defendant all further proceedings against him are at an end.

The law makes it the duty of the justice " to take minutes of such examination and file the same with the other papers;" and while it does not say that he shall reduce the examination to writing, yet such is its fair import when it is considered that the disclosure is the evidence and all the evidence that can be produced *against* him. If the justice omits to reduce material statements or admissions of the garnishee to writing, such statements or admissions cannot be proved upon the trial by the justice or by any other witness for the purpose of creating a liability not admitted by the written disclosure. In *Newell v. Blair* 7 Mich. 103, it was held that the plaintiff was at liberty to examine the garnishee fully in the circuit court; but he was not at liberty to contradict him, but for further information he might examine the garnishee himself to get at all of the facts, and that other evidence might be introduced when it does not conflict with the disclosure of the garnishee or increase his liability; and as to such liability the garnishee might be examined at length; and that the garnishee might in his own behalf testify in exoneration of his own liability.

Subsequent decisions of this Court have uniformly held that no recovery can be had against a garnishee in a justice's court, except upon the liability as admitted by the disclosure. *Walker v. Railroad Co.* 49 Mich. 446; *Spears v. Chapman* 43 Mich. 541; *Weirich v. Scribner* 44 Mich. 73; *Sexton v. Amos* 39 Mich. 695; *Hackley v. Kanitz* 39 Mich. 398; *Lorman v. Phœnix Ins. Co.* 33 Mich 65; *Thomas v. Sprague* 12 Mich. 120; *Wellover v. Soule* 30 Mich. 482; *Ford v. Detroit Dry Dock Co.* 50 Mich. 358.

This is the only safe construction to be placed upon the statute. It would be a dangerous and unsafe principle to

adopt that a justice might neglect entirely his duty to take minutes of the disclosure, and testify to the disclosure made from his memory, and it would be likewise unsafe to permit him to supply any part of the disclosure from his recollection. The law does not contemplate or authorize any such proceeding; and no decision yet made by this Court gives countenance to any such doctrine.

It is claimed, however, that the testimony of the justice was admissible in corroboration of the disclosure in the justice's court, and that it is not contradictory of such disclosure. It is plain that the disclosure itself did not admit any liability to the principal defendant, or that defendant was indebted or had any money in its hands belonging to him. The evidence of the justice was that defendant did admit that it had about $560 in its hands belonging to the principal defendant, if the judgment against it as garnishee were held invalid. This testimony not only increased the liability of the garnishee, but it admitted a liability not embraced in the written disclosure.

The stipulation of facts made in another case by the attorneys therein was not admissible in this. The only ground upon which its reception could be based was that it contained admissions of the party of the existence of certain facts. Attorneys as the agents of parties whom they represent in a cause have authority, by virtue of such agency, to make admissions, which are binding upon the parties in that particular case; but they have no authority by reason of such relation to bind a party generally by admission of facts. Their agency is for a special purpose, and for a specified transaction, and their admissions made with reference thereto are binding upon the party they represent. But admissions so made cannot bind the party in other suits or proceedings between other parties. *Elting v. Scott* 2 Johns. 157, 163; 1 Greenl. Ev. §§ 113–115; *Harrison's Devisees v. Baker* 5 Litt. 250; *Baylor v. Smithers* 1 T. B. Mon. 6; *Tompkins v. Ashby* Mood. & M. 32; *Brittingham v. Stevens* 1 Hall 379.

The judgment rendered in the principal suit was objected

to as void. The suit was commenced by summons teste'd on the 27th day of February and returnable the 8th day of March, 1882. The law requires such summons to be served at least six days before the return-day. The last day for service, therefore, was March 1st. The record offered in evidence showed that the constable returned the summons on February 27th, and in his return as to the method of service, stated that the defendant, not being found, the same was served by leaving a copy thereof at the defendant's last place of abode, in the presence of one of the family of suitable age and discretion, who was informed of its contents. On March 8th, the justice, at the request of the plaintiff, issued another summons returnable on the 18th of March. The law provides that a summons taken out in continuation of the suit shall be returnable not less than three nor more than twelve days from its date, and shall be served at least two days before the time of appearance mentioned therein. The last day upon which this summons could be served was the 15th day of March. It appears from the record offered in evidence that it was returned on the 14th of March; the constable returning that the defendant could not be found, after making diligent inquiry, and that the same was served by leaving a copy thereof at the defendant's last place of abode, in presence of one of the family of suitable age and discretion, who was informed of its contents. On the 18th, the defendant not appearing, the plaintiff demanded an attachment, made the required affidavit, and filed his bond, and an attachment was issued, returnable on the 25th day of March, 1882, which was returned by the constable that the defendant could not be found in the county of Marquette, and that a copy of the writ had been left at the last place of residence of defendant in the township of Negaunee, and that no property could be found belonging to the defendant.

The statute requires the attachment to be served at least six days before the return-day thereof. The return of the constable does not show when he served it, nor does he return that the copy served at the last place of residence of the defendant was certified by him. The defendant did not appear

on the return-day of the attachment. The jurisdiction of the justice over the case, and his authority to issue a second summons in continuation of the suit, depended upon the compliance with the law prescribing the regular course of proceeding. It was the duty of the constable to diligently and in good faith endeavor to make personal service of the summons on the defendant, and he must exercise that diligence during the whole time given him by law to perform that duty, and he has no right to make return of the summons "not found" until the time has expired in which he could lawfully make service. The jurisdiction of the justice depends upon a proper return showing a diligent attempt to make such personal service. This has frequently been held in attachment cases, and the same principle applies in case of summons where it is the foundation of subsequent proceedings to obtain jurisdiction. *Withington v. Southworth* 26 Mich. 381; *Town v. Tabor* 34 Mich. 262; *Manhard v. Schott* 37 Mich. 234; *Brown v. Williams* 39 Mich. 755; *Myers v. Prosser* 40 Mich. 644; *Michels v. Stork* 44 Mich. 2; *Kraft v. Raths* 45 Mich. 20; *Smalley v. Lighthall* 37 Mich. 348; *Iron Cliffs Co. v. Lahais* 52 Mich. 394.

But it is claimed that the justice on the return-day of the attachment adjourned the suit, and on the adjourned day the defendant appeared by M. H. Crocker, his attorney, who proved his authority; that issue was then joined, and the parties proceeded to trial and a judgment rendered. And the record so shows. This appearance, the plaintiff claims, waived all the jurisdictional defects mentioned, as was held in *Manhard v. Schott*, supra. This is undoubtedly so as to the defendant Brunette; but the question here presented is as to the effect such want of jurisdiction had upon the garnishee proceedings, and whether the waiver by defendant of such defects serves to keep alive and in force the garnishee suit. This point was raised and expressly decided in *Iron Cliffs Co. v. Lahais* supra, under precisely the same state of facts as are here presented; and it was there held that the appearance of Crocker, the attorney, whatever may have been its effect upon the principal defendant, could not have the effect

to revive any void proceeding affecting the garnishee; that the justice having lost, or rather not having acquired, jurisdiction over the person of the principal defendant, by reason of the illegal service of the summons, the suit went down for want of jurisdiction in the justice to continue it by issuing further process; and the garnishee proceedings being merely ancillary, went down with it for the same reason. That case rules this, and the judgment must be

Reversed, and a new trial granted.

The other Justices concurred.