WILLIS P. HEWITT v. WAGAR LUMBER COMPANY.

*Garnishment of corporations.*

Whether corporations can be garnished in justices' courts under Comp. L., § 5290—Q.

A corporation cannot be garnished merely on evidence that the debtor has been doing a job for it and that its books indicate that a balance on the contract with him remains unpaid; it should also appear whether the balance has yet become an actual

debt against the corporation, and if so, whether the claim still belongs to the principal debtor, or has been assigned to some other person.

Case made from Ionia. Submitted April 12. Decided April 16.

GARNISHMENT.    Plaintiff brings error.

*Mitchel & Pratt* for plaintiff in error.   An order drawn by a debtor upon a fund in the hands of another, cannot as an equitable assignment, defeat garnishment proceedings begun afterwards but before notice of the order was given to the drawee, *Mandeville v. Welch*, 5 Wheat., 277; *Tiernan v. Jackson*, 5 Pet., 580; *McWilliams v. Webb*, 32 Ia., 577; *Bank of Com. v. Bogy*, 44 Mo., 13; *Blin v. Pierce*, 20 Vt., 25; *Robbins v. Bacon*, 3 Me., 346; *Harris v. Clark*, 3 N. Y., 93; *Black v. Zacharie*, 3 How., 483; *Christmas v. Russell*, 14 Wall., 69; *Morton v. Naylor*, 1 Hill, 583.

*John Toan* and *Wells & Morse* for defendant in error. A garnishee cannot be held who does not admit that the funds in his hands belong to the principal defendant, *Newell v. Blair*, 7 Mich., 103: *Lorman v. Phœnix Ins. Co.*, 33 Mich., 67; *Smith v. Clarke*, 9 Ia., 241; *Morse v. Marshall*, 22 Ia., 292; *Church v. Simpson*, 25 Ia., 410; *Pierce v. Carleton*, 12 Ill., 358; *Chase v. North*, 4 Minn., 381; *Banning v. Sibley*, 3 Minn., 389; *Pioneer Printing Co. v. Sanborn*, id., 413; *Fisk v. Weston*, 5 Me., 410; *Allegheny Savings Bank v. Meyer*, 59 Penn. St., 361; *Williams v. Jones*, 42 Miss., 270; *Farwell v. Howard*, 26 Ia., 381; Drake on Attachments, §§ 658-9; if the garnishee discloses that he does not know to whom he owes the debt, the plaintiff has the burden of showing it to be the principal defendant, *Weil v. Tyler*, 38 Mo., 558; if he claims to have understood that the claim had been assigned, he is not liable unless the plaintiff shows that the assignment was in bad faith, *Wilhelmi v. Haffner*, 52 Ill., 222; an order upon a fund in the garnishee's hands effects a complete assignment if fair and for a valuable consideration, *Walling v. Miller*, 15 Cal., 40.

GRAVES, J.   Hewitt sued one Myers by attachment before a justice and recovered.   In connection with the attachment he took proceedings under section forty-two of the general act of 1855 concerning courts held by justices of the peace (Comp. L., § 5290) for the purpose of holding the defendant, a domestic corporation, as a garnishee debtor of Myers.   The papers to be served on the garnishee to initiate the proceeding were served by leaving them with Humphrey R. Wagar, president of the corporation.   After some vicissitudes which need not be detailed, judgment was given against Hewitt by the justice.   Hewitt then appealed.   The action was then tried in the circuit court, and the judge ordered a verdict in favor of the corporation, and Hewitt now asks a revision of the proceedings on a case.

*First.*   The provisions in the justices' act on which this action was based, and on which it depends, are very loose and indefinite, and much difficulty must be experienced before they are explained into a safe and sufficient guide.   The settled maxims of interpretation in the case of such proceedings and such a jurisdiction suggest impediments of a very serious nature.   But admitting that plain cases between natural persons can be worked out without affronting justice, and yet I think it was not meant that the provisions should apply to corporations.   Corporations are not mentioned, and the terms are almost special in their fitness to exclusively signify natural persons.   Again, the mode of procedure, the requirements of parties and the presuppositions of capacity do not comport well with the powers and aptitudes of corporations, and seem to contemplate alone the status and ability of natural persons.   The act in prescribing what shall be the first process against natural persons ordains a summons, but adds "except as hereinafter directed" (Comp. L., § 5261), and thereby leaves room to prescribe other forms in special cases against natural persons.   But when the first process against corporations is provided for, the language is per-

emptory and unqualified. The process must be a summons in all cases whatsoever. No room is left for any different form (Comp. L., § 5297). The garnishee provision follows the qualified section applicable to natural persons, but is followed by the absolute provision relating to corporations, and it declares that the paper to be served with a copy of the attachment and affidavit shall be a "notice." The literal terms then exclude parties who can be served *only* by summons, and such exclusion in terms applies to all corporations. This reference is made to the paper to be served on the garnishee for no purpose but to ascertain whether the Legislature designed by these provisions that attachment plaintiffs might garnishee corporations. Whether it was competent for the Legislature to prescribe a mere "notice" is neither admitted nor denied. The fact that it was prescribed is strong evidence in connection with the other regulations that it was not designed that corporations should be subject to be proceeded against as garnishees under these provisions. And this view is obviously strengthened by the fact that in framing the two general acts to authorize and regulate garnishee proceedings, first in justices' courts and second in circuit courts and municipal courts, it was deemed necessary for the purpose of making corporations liable to such proceedings, that they should be particularly specified, and that special regulations concerning them should be made. And this was done in each act. Comp. L., §§ 6463, 6493.

These statutes, apart from these peculiar provisions, would be better fitted to apply to corporations than the section in the justices' act. Still the legislature believed that corporations would not be included by the general terms, and that to cause the jurisdiction to apply, something special was required. The implication is very strong that the justices' act was not supposed to extend the jurisdiction to corporations, and I think it does not.

*Second.* Waiving all questions of jurisdiction and like-

wise all objections against the correctness of the plaintiff's earlier proceedings and it is still left to inquire whether the record shows that the plaintiff made out any case on the facts fairly entitled to be submitted to the jury.    Because if it does not, the result cannot be disturbed.

It is a general rule and one applicable to this case that wherever in consequence of the nature of the subject it is matter of absolute indifference whether a given state of facts does or does not exist, the party who grounds his claim or defense upon its existence must remove that indifference in order to succeed; and meanwhile the opposite party may safely remain passive and insist upon a determination in his own favor if that is not done.    And the party upon whom it rests to support the affirmative must maintain it substantially.    "It is not enough for him to make out a balanced case and then leave it to a jury to guess at the truth."   Bronson C. J. in *Bogert v. Morse*, 1 Comst., 377, and if the evidence is consistent as much with some other state of facts as that required to sustain the particular proposition, whether express or tacit, it proves neither, and hence is ineffective.    *Jackson v. Metropolitan Railway Co.*, L. R. 2 C. P. Div., 125.

The plaintiff charged against the corporation that at the very time when the notice was left with the president on March 30, 1877, it was indebted to Myers, and whether it was so or not depended upon facts which were as likely to be one way as the other, and it was incumbent on the plaintiff to prove that the facts were as the substantiation of his claim required they should be.    He recognized what his position involved and attempted to prove his allegation.

The only witness called was the president of the corporation and he swore that Myers had been executing a lumber job in the woods for the corporation amounting to some $1600 or $1800; that it had not been accepted but witness inferred it had been completed because

38 MICH.—89.

Myers had "come out of the woods." Performance of the job was not proved. The witness stated there had been no settlement, but the entries in the corporation books indicated a balance of $500 or $600 still unpaid; that he had no knowledge whether the corporation owed anything to Myers except as gathered from the apparent state of accounts in the books; that prior to the service of the notice, but on the same day, one Alderman informed witness that Myers had assigned to him the demand against the corporation, and that Alderman at the same time exhibited to witness a writing apparently by Myers, and ordering the corporation to pay Alderman or bearer whatever was due Myers for lumbering. In examining the facts justice dictates that it be borne in mind that the law has failed to provide for any hearing on the part of third persons claiming or alleged to have interests in the demand sought to be garnished, and that their rights cannot be arbitrarily infringed in such proceedings, and that the garnishee, in case he does not needlessly involve himself, is entitled to insist that the action against him shall proceed on such grounds and in such mode as will guard him against double liability. Now if we consider the facts together, as we must, they do not result in showing, nor fairly conduce to show as against the corporation the matters indispensably necessary to make out and support the plaintiff's claim. If the witness had been garnishee and had made similar explanations concerning his own affairs, there would be room for some other considerations. But in order to give to his statements the sense and value they merit as matter of law, his relation to the transaction, to the parties and to the case must be kept in mind. The entire effect of his relation as a showing of fact against the corporation is that Myers was doing a large job for the corporation and that an inspection of the entries in account in the corporation books indicated that $500 or $600 of the contract price was still unpaid. As to whether this balance had become as yet an actual debt

at all against the corporation, or if it had, whether it still belonged to Myers was left indeterminate and without means to decide.

As the facts in the record do not import that the plaintiff made a case for the jury, no error he can complain of is shown.

My brethren concur in the view here taken, but prefer to reserve their opinion upon the first point.

The judgment must be affirmed with costs.

The other Justices concurred.