WILLIAM SPEARS v. EDWARD CHAPMAN.
WILLIAM SPEARS v. BRIDGET RILEY.

*Garnishment—Proof—Disclosure.*

A garnishee's disclosure will not sustain judgment in a justice's court if it is too ambiguous to show whether any indebtedness exists, or if so, to whom. The garnishee is a witness for the plaintiff, who has the burden of making out by him a *prima facie* case.

Cases made after judgment from Wayne. Submitted April 27. Decided June 9.

GARNISHMENT. Spears having recovered judgment before a justice for fifty dollars against Charlotte Issler, garnished Chapman and Mrs. Riley, and took judgments against them, from which they appealed to the circuit court, which affirmed the judgments. The garnishees' disclosure showed that although they had bought goods from Mrs. Issler, they did not know whether they were indebted for them to her or to her husband, who testified for the defendant that he was a grocer, and that his wife, who helped him in the store, never owned the goods. The garnishment proceedings are brought up for review by the Supreme Court upon cases made after judgment.

*Edward Minock* for plaintiff.

*Miller & Clarke* for defendants.    A garnishee cannot

be held unless it affirmatively appears from his answer and collateral proofs that he is chargeable, *Porter v. Stevens* 9 Cush. 530; *Richards v. Stephenson* 99 Mass. 311; *Reagan v. Pacific R. R.* 21 Mo. 34; *Farwell v. Howard* 26 Ia. 381; *Smith v. Clarke* 9 Ia. 241; *Williams v. Housel* 2 Ia. 154; *Driscoll v. Hoyt* 11 Gray 404; *Lorman v. Phœnix Ins. Co.* 33 Mich. 65.

MARSTON, C. J. These cases are substantially alike, and in each the judgment must be reversed. This court has held recently in several cases that the garnishee's disclosure in justice's court must show a liability to the principal defendant before a judgment can be rendered thereon. If the disclosure is ambiguous, leaving it uncertain whether any indebtedness exists, or if so, to whom, and the case substantially rests upon that, the plaintiff must fail. The garnishee is the plaintiff's witness, and the burden of proof is upon him to make out by that witness a *prima facie* case.

Judgments reversed with costs.

The other Justices concurred.