TOLEDO & ANN ARBOR R. R. Co. v. MILES B. JOHNSON.

*Exceptions—Forfeiture of franchises—Railroad companies.*

An appellant cannot be deprived of the benefit of his exceptions on the ground that he was not injured by the rulings if it does not clearly appear that he could not have prevailed in any view of his case.

The Supreme Court will not usually consider exceptions taken by the prevailing party.

A statute which imposes a forfeiture of franchises for failure to perform should explicitly fix the time at which the forfeiture may be enforced.

A claim of the forfeiture of a franchise cannot be raised collaterally, but only in a direct proceeding instituted for the purpose.

Whether a railroad corporation has finished its road and put it into full operation is a question for the jury.

Error to Monroe. Submitted June 8. Decided Oct. 11.

Assumpsit. Plaintiff brings error. Reversed.

*Grosvenor & Landon* and *J. M. Ashley, Jr.*, for appellant. Advantage can be taken of the forfeiture of a charter only by direct proceeding on behalf of the State, and instituted for that purpose: Ang. & Am. Corp. § 636; *Flint & Fentonville R. R. Co. v. Woodhull* 25 Mich. 99.

*Otis A. Critchett* and *C. A. Stacy* for appellee.

Marston, J. This action was commenced in justice's court upon an instrument of which the following is a copy:

"Dundee, Michigan, October 4, 1877.

For the purpose of promoting and aiding the construction of the Toledo, Ann Arbor & Northern Railroad and in consideration of the benefits to be derived therefrom, I do hereby pledge and agree to pay to the order of the Toledo, Ann Arbor & Northern Railroad Company the sum of one hundred dollars, payable in six months after the first cars run over the road from Ann Arbor to Toledo, payable on or before the above time specified, without interest.

Miles B. Johnson."

Indorsed: E. D. Kinne, Assignee.

The plaintiff recovered a judgment in justice's court, and the defendant on appeal in the circuit. The case comes here on writ of error, and the error relied upon is to the charge of the court given on the request of the defendant, viz.: "The Toledo, Ann Arbor & Northern Railroad Company, by the law under which it was organized, was required to have its road completed and running in full operation within seven years from its incorporation. This was not done and the jury are therefore instructed to find for the defendant."

The defendant insists in this Court, that the instructions

so given were correct: but if not, that the plaintiff was not injured thereby, as it appears that the franchises of the company to whom the promise was made, could not be and were not sold by the assignee under the bankruptcy proceedings against it; that even if sold they could not be purchased and held by an individual; that the pretended sale of the franchises of the company was unauthorized and illegal, and that the purchaser could not proceed with others to organize as a corporation, as the act of 1873 applies only to purchasers under foreclosure sales.

In order to prevent a party, bringing a case to this Court for review, of the benefit of his exceptions, where well taken, upon the ground that he was not injured by the rulings made against him, it should very clearly appear that upon the case as made, he could not in any view that might be taken of it succeed. Ordinarily exceptions taken on the trial by the party prevailing, are not considered by this Court. It is the unsuccessful party that comes here complaining and asking for relief, and he does not come prepared to discuss the exceptions taken by the other party, or to meet such objections as are urged against a reversal in the present case.

It would also seem that similar questions were raised and substantially passed upon by this Court, in a case brought by this plaintiff upon a similar agreement, and where the bankruptcy proceedings and organization were the same as in the present. *Wilcox v. Toledo, etc. R. R. Co.* 43 Mich. 584. See also *Detroit, etc. R. R. Co. v. Starnes* 38 Mich. 701, and *Mich. M. & C. R. R. Co. v. Bacon* 33 Mich. 467.

Was then the charge as given, which took the case from the consideration of the jury, correct?

The Toledo, Ann Arbor & Northern Railroad Company, to whom the promise was made, was organized in 1869. The 47th section of the Railroad Act of 1855, then in force, was as follows:

" If any railroad corporation shall not, within three years after its incorporation, begin the construction of its road, and expend thereon ten per cent. of the amount of its capi-

tal, and finish the road and put it in full operation in seven years thereafter, its act of incorporation shall become void, so far as it applies to that portion of said road then unfinished." 1 Comp. L. § 2343.

By the Revision of 1871, which was in force at the time the promise sued upon was given, an apparent change was made. By section 38 it was provided: "If any railway company shall not, within three years after its organization, begin the construction of its road, and expend thereon ten per cent. on the amount of the capital stock subscribed, and finish the road and put it in full operation *in ten years from the time of its organization*, it may be adjudged to have forfeited its corporate rights and privileges by any court of competent jurisdiction, on the petition of one-fourth in value of its stockholders, except as to so much thereof as shall be completed at the time of filing such petition." Id. § 2442.

The plaintiff claims that this second section is the one that governs the case, and that even if not, yet that under section 47, the company had the same time, viz., ten years from the date of its organization within which to complete the road. It is also farther claimed that neither of these sections has any bearing in the present case, as the State only, or the stockholders, could raise the question.

A failure to finish the road and put it in full operation within the time specified, renders void the act of incorporation in so far as it applies to the unfinished portion, and the effect of this provision, if applied, might in many cases, by preventing thereafter a completion to terminal or connecting points, very injuriously affect the value of the completed portion. In view of this and other injuries which the company would sustain, the statute, when strictly construed, should unambiguously point out the time within which the company must at its peril complete the construction of its road. *Pulford v. Fire Dep't. of Detroit* 31 Mich. 461. In my opinion this has not been done by the act of 1855, and that some question might well arise, whether the seven-year period was not to commence run-

ning after the expiration of the three years given in which ten per cent. of the capital should be expended. Where so long time is given for the commencement of the work, viz., three years, in which ten per cent. should be expended, four additional years in which to expend the remaining ninety per cent., would seem hardly an equal division of the time. It was this uncertainty which in all probability caused a change in the phraseology of this section in the Revision, which gives ten years from the date of the organization of the company.

It is unnecessary I think to dispose of this case upon any such question of construction, as I am strongly of opinion that such a question cannot be raised by this defendant.

Whether a railroad corporation has finished its road and put it in full operation, cannot always be a matter beyond dispute. Material questions of fact might well arise which would have to be submitted to the consideration of a jury. The result must be that while in one case the jury might find the road to have been finished and in full operation, in another like case a different jury might come to a very different conclusion. So, if no one interfering, the company should, after the period fixed, proceed with the construction of its road, could third parties harass and annoy the company by tearing up, obstructing or destroying its track or road-bed? And if such acts were done or threatened would the company be powerless to protect itself or its property by seeking redress in the courts? The law wisely seeks to avoid all such questions by declaring that they shall not be raised collaterally, but only in a direct proceeding instituted for such purpose. *Montgomery v. Merrill* 18 Mich. 343; Cooley's Const. Lim. 233, 234.

I am of opinion that the judgment should be reversed with costs and a new trial ordered.

GRAVES, C. J. and COOLEY, J. concurred.

CAMPBELL, J. I think the suit brought within the statutory time, and that the other points are within the former decision.