CHAS. W. LYON v. HORACE B. KNEELAND, GARNISHEE.

*Garnishment—Disclosure.*

1. A garnishee's disclosure, even if it does not positively confess liability, may establish it when aided by other evidence.

2. A garnishee's statement that he does not know whether he owes the principal defendant or some one else for certain work, and that the defendant told him he only wanted enough money to pay expenses, and that the rest was to go to another person, is not such a disclosure as will sustain a judgment against the garnishee.

Error to Clinton.. (V. H. Smith, J.) Nov. 17.—Nov. 19.

Garnishment proceeding. Plaintiff brings error. Affirmed.

*Cook & Daboll* for appellant.

*H. & H. E. Walbridge* for appellee. A garnishee's disclosure must show a clear and unqualified liability: *Hackley v. Kanitz* 39 Mich. 398; *Sexton v. Amos* 39 Mich. 695; *Spears v. Chapman* 43 Mich. 541; *Weirich v. Scribner* 44 Mich. 73; *Walker v. D., G. H. & M. R. R.* 49 Mich. 446.

CAMPBELL, J. The only question in this case is whether a garnishee's answer showed such a debt due by him to the principal debtor that a judgment for any sum could be given upon it. It was as follows:

"I know James McMannis; I made a bargain with him to thresh the wheat and oats—to do the threshing; I don't know whether I owe him or some one else for it. The threshing at time garnishee was made amounted to $21.65, and he threshed balance of job to amount $10.54. After the garnishee was served upon me, I paid Mr. McMannis $10. I supposed the garnishee was a subpœna in another case, and put it in my pocket without reading. When I went to settle up with Mr. McMannis he told me that all the money he wanted was enough to pay the expenses, and the balance was to go to Waters; Merritt Frank made the bargain with McMannis for me. The bargain was made with McMannis; nothing was said as to whom to pay the money

to, nor when to pay it, until after the job was all done, and I went to settle up with him."

This case, originating in a justice's court, was appealed to the circuit court and tried without a jury, and the court found in favor of the defense.

The only point raised is the one already referred to, as there was no other testimony in the case. We do not quite see how the question can arise without a bill of exceptions; but, however this may be, we see no error. An admission which does not positively confess liability to a party may, under some circumstances, be some evidence which, aided by other proofs, will be available to establish it. But here there is nothing which fixes liability by the admission itself, and there is nothing to supplement it.

The judgment must be affirmed.

The other Justices concurred.