LYMAN B. SMITH, ADMINISTRATOR, ETC., v. ROBERT HOLLAND, GARNISHEE OF ABRAM SMITH.

*Garnishment—Disclosure—Judgment—Negotiable paper.*

1. The disclosure of a garnishee is deemed sufficient, unless further inquiry is prosecuted as provided by the statute governing such proceedings.

2. Unless the liability of a garnishee is clear and unqualified as shown by his disclosure, answers to interrogatories, and oral examination, no judgment can pass against him.

3. Where the answers of a garnishee to interrogatories and his oral examination show that his indebtedness to the principal defendant is evidenced by a promissory note, which is claimed by a third party, the plaintiff may interplead not only the principal defendant, but such claimant; citing How. Stat. §§ 8081, 8085 (as amended by Act No. 176, Laws of 1885); *Barnes v. Circuit Judge,* 81 Mich. 374.

Error to St. Clair. (Canfield, J.) Argued June 6, 1890. Decided June 13, 1890.

Garnishment proceedings. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Frank Whipple,* for appellant, contended as stated in the opinion, citing no authorities.

*Avery, Jenks & Avery,* for defendant, contended:

1. When the disclosure showed that a third party, claiming to be the owner, had presented the note for payment, it was the duty of plaintiff to interplead said claimant; citing Act No. 176, Laws of 1885; *Kennedy v. McLellan,* 76 Mich. 598 (head-note 5).

2. The disclosure contained all the information possessed by defendant as to the claim of third parties to the fund, and this is as far as he was called upon to go; citing *Maynards v. Cornwell,* 3 Mich. 313; *Newell v. Blair,* 7 Id. 103; *Sexton v. Amos,* 39 Id. 696; *Drake v. Railway Co.,* 69 Id. 168.

3. The record does not show any liability for any sum, and unless

such liability is clear and unqualified, no judgment can pass for the plaintiff; citing *Hackley v. Kanitz*, 39 Mich. 398; *Thompson v. Jarvis*, Id. 695; *Spears v. Chapman*, 43 Id. 541; *Walker v. Railroad Co.*, 49 Id. 446; *Lyon v. Kneeland*, 58 Id. 570.

*Atkinson, Vance & Wolcott*, of counsel, for defendant.

LONG, J. An affidavit for writ of garnishment was filed in the circuit court for St. Clair county on February 18, 1887, and writ was issued against defendant garnishee on that day and personally served. At the time of the filing of the affidavit, a suit was commenced in said court by declaration against the principal defendant in an action of *assumpsit*. The suit proceeded to judgment, and on October 1, 1887, judgment was rendered in favor of plaintiff and against the principal defendant for $1,810.64, and costs, taxed at $46.50. The garnishee defendant, in answer to the writ served upon him, made disclosure in writing and on oath on April 29, 1887, as follows:

"That on the 14th day of January, 1887, or thereabouts, he purchased a tract of land in the township of Clay, St. Clair county, for the sum of twenty-seven thousand dollars, from said Abram Smith. The purchase was made subject to a mortgage of twelve thousand dollars, which affiant undertook to pay as a part of the purchase price. On the day of the sale affiant paid the entire remaining fifteen thousand dollars, with the exception of thirty-seven hundred dollars. On the land there were certain levies and liens by creditors, which said Abram Smith by the terms of the purchase undertook to discharge, amounting to about the sum of thirty-seven hundred dollars; and it was agreed that affiant should retain that sum in his hands as security for the payment by Smith of the said liens and claims, such money so retained to be paid to Smith from time to time as he should make payment of said liens and claims. A promissory note was given Smith for said $3,700 (the exact form of which affiant is unable to give), contain-

ing, affiant believes, a short statement of the conditions above mentioned.

"Prior to the service of the writ of garnishment in this case, Smith had paid of said liens and claims, and produced the evidence of payment to affiant, the sum of $2,000, and affiant had turned that amount over to him in accordance with the terms of the note above mentioned, and said Smith owes affiant the sum of two hundred dollars, which should also apply on said note. There yet remains in the hands of affiant the sum of fifteen hundred dollars, which will be due said Abram Smith, or the holder of said promissory note, on demand, in case he discharges and satisfies the said liens and claims; but, in case he does not pay, satisfy, and discharge said claims and liens, there will be no portion thereof due him, and affiant will be compelled to pay and satisfy such liens and claims in order to protect his title to the land purchased. Up to the service of said writ of garnishment upon affiant, he (affiant) had no notice of any transfer of said thirty-seven hundred dollar note to any person or persons."

The plaintiff, not being satisfied with this disclosure, propounded written interrogatories to the garnishee, which were answered, and from which it appeared that the garnishee was unable to state of what these liens and claims consisted, or the amount of each, or what particular ones had been paid off and discharged; that the $200 became due to him on a business transaction between garnishee and Smith before the time of the service of the writ of garnishment.

The seventh interrogatory was as follows:

"State whether or not you have accepted and promised to pay an order or orders drawn by said Abram Smith upon you, and presented to you since the service of the writ of garnishment issued in this cause?"

The garnishee declined to answer this interrogatory, stating that he was advised the same was immaterial upon the question involved. The garnishee further stated, though not interrogated thereto, that he—

"Is informed and believes Mr. Abram Smith does not now own the note or agreement referred to in his former disclosure, and did not own it at the time of the service of the writ of garnishment in this cause. He is informed that the note or agreement is claimed by Mr. V. A. Saph, of Marine City, who has demanded payment thereof from garnishee."

These interrogatories were answered on May 20, 1887, and thereafter, pursuant to an order theretofor made on plaintiff's petition, the garnishee appeared before a circuit court commissioner of that county for oral examination. From such examination it appeared that there was a written memorandum of the liens and levies outstanding on the premises purchased by him from Smith, and which he had in his safe at home, and of which he would produce a copy. Such copy was not produced, the garnishee claiming that he was unable to find it. It also appears from the examination of the garnishee that an order was drawn upon him by Smith in favor of Stewart & Bagg prior to the service of the writ of garnishment, but presented to him after the writ was served, and which he declined to pay. It also appeared that Mr. Saph presented the note to the garnishee and demanded payment, and that Mr. Saph lived at Marine City, that county.

The cause came on for trial before the court and a jury, and these several matters were presented by counsel for the plaintiff as a part of his direct case against the garnishee defendant. The plaintiff also offered in evidence the proceedings and judgment against the principal defendant. The garnishee defendant was called as a witness, and gave testimony in his own behalf, which is not material here. Upon the close of the case the court directed a verdict in favor of the garnishee.

Plaintiff brings error, and claims that the court was in error in so directing the verdict. His claim is that the plaintiff was entitled, under the facts shown, to a verdict

for the full amount of the judgment found against the principal defendant; that, if he was not entitled to this amount, he was entitled to a judgment of at least $100. This last claim is made upon the disclosure made by the garnishee in his oral examination before the commissioner, in which he stated that the order drawn by Smith in favor of Stewart & Bagg was indorsed on the note but not paid, and that there was $1,600 or $1,700 not entered on the note, and $100 entered and not paid.

The court properly directed the verdict for defendant. The record does not show any such clear and unqualified liability as to warrant a judgment against the garnishee. Of the original indebtedness of $3,700, the garnishee testifies he has paid Mr. Smith in money $2,000. This amount was paid in different sums, from time to time, as certain liens and levies were removed from the premises purchased. This left standing unpaid on the note the sum of $1,700. The garnishee claimed a set-off to this in another transaction of $200, which he claimed, and testified, had accrued and become due before the time of the service of the writ. The note itself had been presented by Mr. Saph to the garnishee for payment, and payment demanded. This fact was disclosed by the answer to the written interrogatories and by the oral examination of the garnishee before the commissioner, and claim was made that the note belonged to and had been transferred by Smith to Saph or to a Mr. Stewart. The note was in the hands of Saph, and, if the plaintiff desired to proceed further with his inquiry, it became his duty to ascertain what interest Saph and Stewart had in the note. If it had been so transferred, and for a valuable consideration, and in good faith, then the garnishee could not be held liable for the debt of the principal defendant.

When other parties made claim to the note upon which

this indebtedness arose, the plaintiff, by the provisions of the statute under which the garnishee proceedings were being carried on, had the right to cite in not only the principal defendant, but any other party who made claim to the note. How. Stat. §§ 8081 *et seq.;* Act No. 176, Laws of 1885; *Barnes v. Circuit Judge, ante,* 374. This he failed to do. It is plain that the disclosure, the answers to the written interrogatories, and the oral examination of the garnishee before the commissioner, wholly failed to show an indebtedness which would warrant a judgment against the garnishee. If these disclosures were unsatisfactory to the plaintiff, then, upon the oral examination before the commissioner, or in the proceedings in open court, when the garnishee was called as a witness in his own behalf, he had full opportunity for examination, and could have compelled responses to any proper and pertinent inquiry touching the matters in controversy.

There is as little foundation for the claim that he proved an indebtedness due from the garnishee to the principal defendant of $100. The facts disclosed do not warrant that assumption. If these liens and claims against the real estate purchased by the garnishee from Smith are not paid, or if other parties have a *bona fide* claim to this note, then Holland will owe Smith nothing. It has been repeatedly held that, unless the liability is clear and unqualified, no judgment can pass in these proceedings. *Lyon v. Kneeland,* 58 Mich. 570; *Hackley v. Kanitz,* 39 Id. 398; *Thompson v. Jarvis,* Id. 695; *Spears v. Chapman,* 43 Id. 541; *Walker v. Railroad Co.,* 49 Id. 446. The remedy is purely statutory and artificial, and the mode of conducting the inquiry is regulated and defined by enactments. The disclosure is deemed sufficient, unless further inquiry is prosecuted. The further inquiry made of the garnishee did not aid plaintiff's case,

and he failed to prosecute any inquiry of those whom the statute expressly provides the plaintiff may interplead and examine. Act No. 176, Laws of 1885.

The judgment must be affirmed, with costs.

The other Justices concurred.