RUHL *v.* A. RUOFF BREWING CO.

1. JUSTICES OF THE PEACE—GARNISHMENT—DISCLOSURE—LIABILITY OF GARNISHEE.

Judgment cannot be rendered against a garnishee in justice's court unless his disclosure clearly shows a liability to the principal defendant.

2. SAME.

A garnishee's disclosure which does not expressly admit an indebtedness to the principal defendant, but, on the contrary, avers that the latter is indebted to the garnishee, and further states that, prior to the service of the summons, the garnishee had contracted in writing to pay the liquor tax of the defendant, who thereupon paid a part of the amount of such tax to the garnishee, agreeing to pay the balance in monthly installments, and that the garnishee had not paid the tax at the time the summons was served, fails to make a *prima facie* case for the plaintiff.

Error to Wayne; Donovan, J.   Submitted April 6, 1897.   Decided May 28, 1897.

Garnishment proceedings in justice's court by John F. Ruhl against the A. Ruoff Brewing Company, as garnishee of John Pennell.   Plaintiff had judgment, and the garnishee appealed to the circuit, where verdict was directed for the plaintiff.   Pending the entry of judgment upon the verdict, plaintiff died, and the cause was revived in the name of his executrix, Louise Ruhl.   The garnishee defendant brings error.   Reversed.

*George Cox*, for appellant.

*Durfee & Allor*, for appellee.

MOORE, J.   Plaintiff had a judgment against John Pennell for $109, and instituted garnishee proceedings against the appellant, whose disclosure was made by its vice president, Edward Ruoff, who testified in justice's court as follows:

"I had some money before service of summons, but the company had entered into a contract with the principal defendant.   I had not paid the money for license.   The company had it in its possession.   Defendant is indebted to me.   The secretary of our company signed an agreement to pay defendant's license.   Defendant has paid $135.   This transaction was before the service of the summons."

Afterwards defendant was allowed to file an amended disclosure, and Ruoff testified, further:

"Our company made a contract with the principal defendant to pay his license, that was to be $300, which contract was in writing; and upon that agreement the company received from the principal defendant $135.   This agreement was made prior to the service of the summons. Principal defendant was to pay balance at $25 a month. The license had not been paid by our company at the time of the service of the summons.   The bond has been filed for license.   August Ruoff and myself are the sureties as a part performance of this contract to pay the license."

Plaintiff offered no other testimony. The circuit judge held this made a *prima facie* case of defendant's liability to the plaintiff. The appellant then asked Mr. Ruoff: "Now, at the time the summons was served upon you in this case, was the A. Ruoff Brewing Company indebted to John Pennell?" This was objected to. The objection stated by counsel was that Mr. Ruoff could not be cross-examined, because he was a witness for the plaintiff in the court below, and because he could not contradict his disclosure. The objection was sustained. The record does not disclose that an exception was taken. The following paper was then received in evidence:

"DETROIT, MICH., June 10, 1891.
"We agree to pay John Pennell's license for 69 Atwater street, for the year 1891 and the year 1892.
"A. RUOFF BREWING CO."

Mr. Ruoff testified that Mr. Pennell paid $135 on that agreement, and was to pay the balance at $25 a month. He was then asked: "Now, state whether you did or did not pay this license of $300." This was objected to, and the objection sustained. No exception appears in the record. The witness was then asked: "Were you, or were you not, indebted to J. Pennell when the summons was served upon you?" This was objected to, and the objection sustained, and an exception taken.

This is all the evidence in the case, and against the objection of the appellant the trial judge directed a verdict in favor of the plaintiff. The appellant brings the case here, assigning it to be error for the trial judge to hold that the disclosure of Mr. Ruoff made a *prima facie* case, and also assigning it to be error to exclude answers to the questions put to Mr. Ruoff, and in directing a verdict for plaintiff.

The plaintiff insists that, as the money had not been paid for the license, the appellant company was a trustee, and the fund could be garnished,—citing *Seaman* v. *Whitney*, 24 Wend. 260 (35 Am. Dec. 618); *Kelly* v. *Roberts*, 40 N. Y. 439; and other cases. The plaintiff

also asserts that, as the appellant did not except to the rulings of the trial judge, it is not entitled to the benefit of its objection,—citing *Ellis* v. *Whitehead*, 95 Mich. 107. It will not be necessary to consider all these propositions. It has been repeatedly held by this court that the disclosure made by the garnishee defendant must show an indebtedness, or there must be a clear admission of goods, effects, or credits, not disputed or controverted by the garnishee defendant, in his possession, before he can be held. *Hewitt* v. *Wagar Lumber Co.*, 38 Mich. 705; *Sexton* v. *Amos*, 39 Mich. 699; *Spears* v. *Chapman*, 43 Mich. 541; *Weirich* v. *Scribner*, 44 Mich. 73; *Walker* v. *Railroad Co.*, 49 Mich. 446; *Isabelle* v. *Iron Cliffs Co.*, 57 Mich. 123; *Smith* v. *Holland*, 81 Mich. 476. In the case at issue, not only was there a failure to admit an indebtedness, but the garnishee defendant denied an indebtedness, and the evidence showed that an agreement had been entered into between the principal defendant and the garnishee defendant, and that the money had been paid as part performance of that agreement before the disclosure was made. The trial judge, instead of directing a verdict in favor of the plaintiff, should have directed one in favor of the garnishee defendant.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.