ZUCKER, PLAINTIFF-APPELLANT, *v.* CERVELLI, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26092.   Decided December 6, 1962.

Mr. *N. Norman Gravill, Jr.*, for plaintiff-appellant.
Mr. *Frank D. Celebrezze*, for defendant-appellee.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth Appellate District, sitting by designation in the Eighth Appellate District.)

BROWN, J. This is an appeal from a judgment of the Municipal Court of Cleveland against appellee in the amount of $23.77. This action was brought as a special proceeding against appellee as a garnishee pursuant to Section 2715.33, Revised Code.

Appellant's petition alleged that on the 24th day of July, 1959, he commenced a civil action in the Garfield Heights Municipal Court against one Sanford Sinclair, the same being No. 1632, and is still pending; that subsequently on the 14th day of July, 1959, he caused an Order of Attachment to be issued against Sanford Sinclair in said action, which order is in full force and in no manner discharged; that upon said order of attachment in said action he caused Notice of Garnishment to be duly served on Arnold Cervelli, a defendant in this action, but said Arnold Cervelli failed to appear and answer in obedience to said notice and as provided by law.

Further, that he believed defendant had at the time of the attachment money and property belonging to Sanford Sinclair but prevents the plaintiff from subjecting the same to the payment of his claim against Sanford Sinclair as set forth in the Garfield Heights Municipal Court action, to wit: wages and earnings totaling $223.75. He prayed judgment in that amount.

On October 20, 1960, Attorney Bartunek entered an appearance for appellee and was given leave to plead by November 21, 1960.

On December 12, 1960, the following journal entry was filed. "Case called; plaintiff in court; defendant not; trial had. Court finds and renders judgment in favor of plaintiff in the sum of $237.75 and costs." On July 25, 1961, appellee filed a petition to vacate the judgment of December 12, 1960. On July

29, 1961, appellant filed a motion to strike the petition to vacate this judgment. On October 21, 1961, the following journal entry was entered:

"Plaintiff's motion to strike petition to vacate granted. Defendant excepts. On December 6, 1961, appellee filed a motion to stay proceedings because of the pendency in the Garfield Heights Municipal Court of the petition to vacate the judgment upon which this case is predicated. The file mark on the petition to vacate judgment of July 25, 1961, indicates the petition was refiled on December 15, 1961." Appellee's brief indicates the petition to vacate judgment, as it appears in the record of this case, is the second petition so filed. The second petition apparently by interlineation contained these words "That the judgment was taken for more than the law permits."

On December 23, 1961, the plaintiff filed a demurrer to defendant's petition to vacate judgment. On January 19, 1962, the journal entry was filed as follows:

"Plaintiff's demurrer overruled. Petition to vacate; parties heard; it appearing to the court that the defendant has ground for the vacation of the judgment heretofore rendered herein and has considerable defense; further proceedings herein are hereby stayed pending final disposition of the action. Defendant is given leave to answer by January 31, 1962."

The answer was filed by the appellant on February 1, 1962, setting forth lack of knowledge of the action in the Garfield Heights Municipal Court; further denying having in his possession $233.75 due to Sanford Sinclair but alleging he had withheld, as provided by the notice of garnishment, the sum of $23.77, which sum he had paid Sanford Sinclair upon being informed by the latter that the money owing him had been paid. He further denied preventing the appellant from obtaining the sum of $237.75.

On May 17, 1962, the following journal entry was filed:

"Case called; parties in court; trial had; court finds that the judgment herein should have been $23.77; petition granted in part; judgment modified by reduction to $23.77. Both parties except."

On May 7, 1962, another journal entry was filed:

"Parties in court; trial had; court finds and renders judgment for plaintiff against defendant."

Appellant assigns these errors:

1. On and after October 20, 1961, the trial court no longer had jurisdiction over the judgment.

2. The decision of the Trial Court in permitting the refiling of the petition to vacate judgment was contrary to law.

3. The Trial Court erred in overruling the demurrer filed to second petition to vacate judgment.

The statutes applicable to this procedural confusion are: Section 2715.33, Revised Code, which reads as follows: "If the garnishee fails to appear and answer as required by Section 2715.29, Revised Code, or if he appears and answers and his disclosure is not satisfactory to the plaintiff, or if he fails to comply with the order of the court to deliver the property and pay the money owing into court, or to give the bond required in Section 2715.32, Revised Code, the plaintiff may proceed against him by civil action. Thereupon such proceedings may be had as in other actions. Judgment may be rendered in favor of the plaintiff for the amount of property and credits of the defendant in possession of the garnishee, for what may appear to be owing by him to the defendant, and for the costs of the proceedings against the garnishee." And Section 2715.35, Revised Code, where the first sentence reads: "Final judgment shall not be rendered against the garnishee until the action against the defendant in attachment is determined."

We will not discuss the assignments of error since it is obvious we have serious jurisdictional matters to consider.

A careful reading of the petition and applicable statutes indicates that no judge had authority to grant final judgment in this proceedings. This action was ancillary to and a mode of enforcing the judgment of the Garfield Heights Municipal Court. The petition discloses that the order of attachment of the Garfield Heights Municipal Court is "in full force and effect and in no manner discharged."

Obviously, Section 2715.35, Revised Code, prevents final judgment from being rendered by the plain meaning of its language based on the facts stated in plaintiff's petition. 3 Gardner's Bates Ohio Civil Practice, p. 61; 5 Ohio Jurisprudence (2d), 809; *Olcutt* v. *Guerwick*, 19 O. C. C., 32.

In *W. E. Caldwell Company* v. *Burton Lumber Company*, 7 Ohio Nisi Prius Reports, pages 525, 526, the court said, "The

fact of the indebtedness from the garnishee to the defendant should be conclusively shown to authorize the court to act and render a conditional judgment. When the garnishee failed to appear or answer, it was his privilege to be again called into court, and until an indebtedness is disclosed the court can not take jurisdiction to render a judgment to sustain subsequent proceedings against the garnishee, because the same are null and void.'' *Hagerty* v. *Ward*, 25 Texas, 145; *Spears* v. *Chapman*, 43 Mich., 541. Unless the liability of the garnishee is clear and unqualified, as shown by his disclosure, no judgment can be rendered. *Smith* v. *Holland*, 81 Mich., 471; *Ruehl* v. *Ruoff*, 113 Mich., 294. The effect of the garnishee's answer that he is not indebted is to stop further proceedings against the defendant, because the court has nothing upon which it can base jurisdiction to proceed. Shinn on Attachment, Section 642 (e). The action must fail and all proceedings under it are wholly void. Ib., Section 680.

The judgment rendered in the trial court is void. The statute clearly forbids its granting on this state of pleading.

The petition was, of course, demurrable because it does not state a cause of action inasmuch as there is no indication that the action in the attachment against Sanford Sinclair in the Garfield Heights Municipal Court was ever determined. In fact, the contrary appears from the uncontested petition.

A judgment by default cannot be properly based on a petition which does not state a cause of action. See 31 Ohio Jurisprudence, 644, Section 188.

Since the judgment of the Cleveland Municipal Court was void in this instance, we must overrule the assignments of errors, yet reverse the judgment of the Cleveland Municipal Court and render final judgment for appellee.

This is not the relief prayed for, yet, considering the state of this record, it is the only way we can render substantial justice to the parties involved under the statutes and case law of Ohio.

Judgment reversed and final judgment entered for appellee. Exceptions.

RADCLIFF, P. J., and COLLIER, J., concur.