ADAMSEN CONSTRUCTION COMPANY, a
Corporation, Plaintiff and Respondent,

v.

Elmer ALTENDORF and Leo Altendorf,
Defendants and Appellants.

Civ. No. 8410.

Supreme Court of North Dakota.

Sept. 1, 1967.

DePuy, Fair & O'Connor, Grafton, for plaintiff and respondent.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for defendants and appellants.

STRUTZ, Chief Justice.

The plaintiff entered into a verbal contract with the defendant Elmer Altendorf to furnish labor and materials for certain repairs to a potato warehouse on property belonging to the defendant Elmer Altendorf and his brother, the defendant Leo Altendorf. By this contract, the defendant Elmer agreed to pay $1,973 for such materials and repairs. A lis pendens was filed September 19, 1962, describing the property and stating that the action was to foreclose a mechanic's lien upon the property.

Both of the defendants were served personally with summons and complaint on November 1, 1962. Neither filed an answer or appeared in the action in any manner. Affidavit of default was filed on December 13, 1962. The court signed the findings of fact, conclusions of law, and order for judgment on February 7, 1963, and judgment was entered on February 8, 1963.

After entry of judgment, it was discovered by the plaintiff that the defendants had disposed of the property on which the

mechanic's lien had been claimed, prior to the filing of the plaintiff's lien. A release of the mechanic's lien was thereupon filed on March 1, 1963, and a motion was made to amend the judgment. Such motion was not served upon the defendants, however, because the defendants were in default in the action. The trial court thereupon entered its order setting aside the previous judgment of foreclosure of mechanic's lien and directed that personal judgment against the defendants be entered. This judgment was entered on March 22, 1963. Motion to set aside the latter judgment was made by the defendants on June 2, 1966, which motion was denied by the trial court. This appeal is from the order denying the defendants' motion to set aside the judgment.

Two issues are raised by this appeal:

1. Can a valid judgment be entered against a defaulting defendant where the complaint does not state a cause of action against such defendant; and

2. Does the court have power to amend a judgment without notice to the defendants after a judgment by default for the foreclosure of a mechanic's lien has been entered, thus entering a personal judgment against such defendants in lieu of the judgment for foreclosure of mechanic's lien, all without any notice to the defendants?

There is no allegation in the plaintiff's complaint that the defendants were partners, that the defendant Elmer acted as agent for the defendant Leo in making the contract with the plaintiff, or that the defendant Leo Altendorf was in any way liable for the amount due on the contract which the plaintiff made with the defendant Elmer. The only reference to more than one person being liable for the amount due was in the title of the action; in section 5 of the complaint where the plaintiff alleges that, on the date of the contract, "the defendants were the owners and reputed owners of the lands hereinbefore described"; and in the prayer for re-

lief in which the plaintiff prays for judgment "against the defendants."

The pertinent allegations in the complaint stated that, on a certain date, "plaintiff entered into a verbal contract with the defendant, Elmer Altendorf, to furnish labor and building materials for the erection of certain repairs to a potato warehouse located upon the premises described as follows, to-wit: * * *" Then follows the description of the land on which the warehouse was located. Nothing in that description indicated that the defendant Leo was interested in the property.

The next paragraph of the complaint stated:

"That defendant agreed to pay plaintiff therefor, the sum of Nineteen Hundred Seventy-three and 00/100 ($1973.00) Dollars, upon the completion thereof; that plaintiff completed said building repairs under said contract, on the 25th day of September, 1959, and that he has fully kept and performed the said agreement in all things to be by him kept and performed, but the said defendant has not paid the said sum of Nineteen Hundred Seventy-three and 00/100 ($1973.00) Dollars, mentioned in said agreement, nor any part thereof."

The prayer for relief did ask for judgment against both of the defendants. It demanded:

"WHEREFORE, The plaintiff prays judgment against the defendants for the sum of Nineteen Hundred Seventy-three and 00/100 ($1973.00) Dollars, the balance remaining unpaid for said labor and materials, and for costs of suit; * * *"

Were the allegations of the complaint sufficient to state a cause of action against the defendant Leo Altendorf so that, on default of said defendant, a personal judgment could be entered against him?

It is a fundamental rule of practice that a judgment by default must be

justified by the pleadings. This rule is set out in 30A Am.Jur., "Judgments," Section 213, page 289, where it is stated that:

"Although, after the entry of a judgment by default, formal defects in the mode of pleading are not regarded as material, it is a general rule that a judgment by default must be justified by the pleadings. Such a judgment may not be rendered where the pleadings of the plaintiff omit averments essential to the showing of a cause of action, * * *"

To the same effect, see 49 C.J.S. Judgments § 193–a, at page 336, where the rule is stated in the following language:

"In order to sustain a judgment by default, the plaintiff's pleading must state a cause of action; * * *"

Thus a pleading must be sufficient to inform and notify both the pleader's adversary and the court of the pleader's cause of action. Parrino v. Landon, 8 Ill.2d 468, 134 N.E.2d 311.

A judgment by default cannot be based upon a complaint which does not state a cause of action. Zucker v. Cervelli, Ohio App., 187 N.E.2d 66, 28 Ohio Op.2d 348.

Where the complaint does not state a cause of action nor show grounds for relief, the default of the defendant does not improve it. Taliaferro v. Davis, 216 Cal. App.2d 398, 31 Cal.Rptr. 164.

■ This rule is based on the proposition that the default admits nothing more than what is alleged in the complaint.

■ We do not believe that the plaintiff's complaint in this case stated a cause of action against the defendant Leo Altendorf. There is no allegation that the defendant Elmer, with whom the contract was made, was a partner of the defendant Leo or that he was acting as an agent of the defendant Leo so as to have the power to bind Leo by the contract which he made with the plaintiff. In fact, the nature of

the interests of the defendants in the property is not alleged. It may have been as tenants in common or as joint tenants. While tenants in common and joint tenants can deal with strangers as freely as owners of property held individually, one such cotenant cannot, as a general rule, bind his cotenants or their interest in the property by his sole contract. 20 Am.Jur.2d, Cotenancy and Joint Ownership, Sec. 90, p. 190. The complaint does not allege that the defendant Leo had knowledge that improvements were being made on the property described. Thus the default judgment against the defendant Leo Altendorf is void and must be set aside.

The appellants also contend that the personal judgment entered against the defendant Elmer Altendorf was void, in that the action was one for the foreclosure of a mechanic's lien and that the order setting aside the judgment of foreclosure of such lien and ordering a personal judgment against the defendant Elmer was void and of no effect.

It is undisputed that, as alleged in the complaint, "the plaintiff entered into a verbal contract with the defendant, Elmer Altendorf, to furnish labor and building materials for the erection of certain repairs to a potato warehouse." The complaint also alleges "that defendant agreed to pay plaintiff therefor, the sum of Nineteen Hundred Seventy-three and 00/100 ($1973.00) Dollars upon completion thereof; that the plaintiff completed said building repairs under said contract on the 25th day of September, 1959, and that he has fully kept and performed the said agreement in all things to be by him kept and performed, but the said defendant has not paid the said sum of Nineteen Hundred Seventy-three and 00/100 ($1973.00) Dollars, mentioned in said agreement, nor any part thereof."

In the prayer for relief we read the following: "The plaintiff prays judgment against the defendants for the sum of Nineteen Hundred Seventy-three and

00/100 ($1973.00) Dollars, the balance remaining unpaid for said labor and materials, and for costs of suit; * * *" The prayer then goes on to demand that said sum be adjudged a lien upon the premises described in the complaint, and that such premises may be sold and the proceeds applied to the payment of sums so found due the plaintiff.

The defendant Elmer Altendorf was personally served, as shown by the sheriff's return on file in this case. He did not serve or file an answer to the complaint, and was wholly in default. He argues that, since the default judgment originally entered was for the foreclosure of the mechanic's lien, the court could not amend such judgment and enter a personal judgment against him.

We believe that this contention is without any merit. The plaintiff's complaint alleges a contract between the plaintiff and the defendant Elmer Altendorf for the performance of certain services and the furnishing of certain materials for which the defendant had agreed to pay the sum of $1,973. It further alleges the full performance of such contract by the plaintiff, and prays for judgment for $1,973, the amount unpaid on such contract, for costs of suit, and for other and further relief as to the court may seem just and proper.

The trial court first ordered that the plaintiff have a mechanic's lien for the amount prayed for in the complaint, with costs and interest. The court then ordered "that the amount adjudged to be due the plaintiff be declared to be a first and valid lien against the premises herein described by virtue of the said mechanic's lien hereinbefore set forth, and that a decree for the foreclosure of said mechanic's lien be entered herein, * * *"

Judgment was entered on such order, adjudging that the plaintiff have a mechanic's lien upon the premises described for $1,973, together with costs, disbursements, and interest, "making a total Judgment in favor of the plaintiff in the sum of $2,263.80,

which sum is hereby adjudged to be a valid lien upon those premises situated in the County of Walsh and State of North Dakota, * * *"; and then describing such premises.

Thereafter, it was discovered that the defendants had conveyed their interest in such premises prior to the date of the filing of the mechanic's lien, and the plaintiff thereupon made a motion for amendment of the judgment to provide for a personal judgment against the defendants. This motion was granted, and the court ordered entry of personal judgment against the defendants for the amount due the plaintiff under the allegations of the complaint.

 We believe that, under the circumstances, the entry of a personal judgment against the defendant Elmer Altendorf was proper. The complaint specifically alleges a contract between the plaintiff and the defendant Elmer, under the terms of which the defendant agreed to pay the plaintiff $1,973 for certain repairs to be made, and that the plaintiff had completed such repairs and further performed all things by him to be performed under the agreement, but that the defendant had not paid any part of the amount agreed to be paid. The complaint therefore clearly states a cause of action against the defendant Elmer Altendorf. The prayer for relief, while it prays for judgment against the "defendants" for the sum of $1,973, is not void as against the defendant Elmer Altendorf by reason of the fact that it prays for judgment against plural defendants. The appellants' contention is that even though a cause of action was stated against the defendant Elmer Altendorf, the prayer for relief was for judgment against both of the defendants and therefore, under the rule that relief granted in a judgment by default must not only be within the scope of the allegations of the complaint but also within the scope of the prayer, such judgment against the defendant Elmer alone is void, since the prayer for relief is for judgment against

both defendants, thus making the judgment against Elmer void also. We do not believe there is any merit to this contention. Rule 1 of the North Dakota Rules of Civil Procedure specifically provides that the rules shall be construed to secure the just, speedy determination of every action. Where, as in this case, the complaint admittedly states a good cause of action against the defendant Elmer, the plaintiff should not be denied relief merely because its prayer ..for relief states, "WHERE-FORE, The plaintiff prays judgment against the defendants for the sum of Nineteen Hundred Seventy-three and 00/100 ($1,973.00) Dollars, * * *" The mere fact that the plaintiff demanded judgment against a defendant against whom it stated no cause of action does not deprive it of the right of recovering judgment against a defendant against whom it does properly state a cause of action in its complaint.

■ The defendant Elmer Altendorf raises one further point on this appeal which we now must consider. While this court had not had occasion to pass on the matter, it is generally held in other jurisdictions that a default judgment cannot be entered for a sum exceeding the amount demanded in the complaint. Jones v. Johnson, 54 S.D. 149, 222 N.W. 688; Pruitt v. Taylor, 247 N.C. 380, 100 S.E.2d 841.

■ The plaintiff, in its complaint, stated a cause of action against the defendant Elmer Altendorf for the sum of $1,973; it prayed for judgment for that amount and for costs, and further demanded such other and further relief as to the court may seem proper. The default judgment which was entered in the action included the sum of $263 interest, although no interest was demanded in the complaint. We now must determine whether awarding the plaintiff interest, where no specific demand is made for interest, was proper where the defendant defaulted in the action.

The courts generally seem to hold that a defendant has the right to allow a default to be taken against him for an amount specifically demanded by the plaintiff in the complaint. Where the defendant allows such default judgment to be entered, he should not be required to follow the proceedings further to make sure that the judgment actually entered against him does not exceed the amount prayed for in the complaint. In such case, the defendant should be safe in assuming that judgment will be entered for only the amount demanded in the complaint. As was said by the Minnesota Supreme Court in Duenow v. Lindeman, 223 Minn. 505, 27 N.W. 2d 421, at page 425—

" * * * the relief which may be awarded against a defendant who does not answer must be limited in kind and degree to that specifically demanded in the complaint, * * *"

Our Rules of Civil Procedure provide that "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Rule 54(c), N.D.R.Civ.P.

Applying these legal principles, was it proper for the trial court to award the plaintiff interest in this case, in addition to the amount prayed for in the demand for judgment?

The plaintiff specifically alleges an agreement with defendant Elmer Altendorf by which the defendant agreed to pay the sum of $1,973 for repairs and materials, and then further alleges that such repairs were completed on the 25th day of September 1959, and that defendant agreed to pay upon completion of the repairs. Thus he alleges that the amount due on the contract was due on the date of completion of the repairs. Our law provides that every person who is entitled to recover damages in an amount certain, or capable of being made certain by calculation, on a particular day, is also entitled to recover interest on such sum from that day. Sec. 32–03–04, N.D.C.C. Such interest, where the rate is

not agreed upon, shall be four per cent per annum. Sec. 47–14–05, N.D.C.C.

Such interest, recoverable under provisions of a statute, need not be specially demanded in the pleading. 47 C.J.S. Interest § 74, p. 77.

We hold, therefore, that where a party is entitled to recover a definite sum as damages on a day certain, he is also entitled to recover interest thereon from that day. This is a vastly different situation from one where the damages demanded are not fixed or capable of being made certain by calculation. In such case, we have held that interest cannot be computed until the amount has been made certain. Braaten v. Grabinski, 77 N.D. 422, 43 N.W.2d 381.

For reasons stated herein, the judgment against the defendant Leo Altendorf is reversed, and the plaintiff's complaint is ordered dismissed as to such defendant. The judgment against the defendant Elmer Altendorf is affirmed.

TEIGEN, ERICKSTAD, KNUDSON and PAULSON, JJ., concur.